U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| TITUS DEPEAL | )Case No.: 2:25-cv-11275 |
|  | )HON. THOMAS L. LUDINGTON |
|  | )    MAGISTRATE JUDGE |
| Plaintiff, | )    PATRICIA T. MORRIS |
|  | ) |
| v | ) |
|  | ) |
| HOLY CROSS CHILDREN'S SERVICES; | ) |
| HOLY CROSS SERVICES; HOLY CROSS | ) |
| SERVICES, INC.; SAGINAW | ) |
| INTERMEDIATE SCHOOL DISTRICT; | ) |
| SAGINAW INTERMEDIATE SCHOOL | ) |
| DISTRICT BOARD OF EDUCATION; and | ) |
| JOHN/JANE DOES 1-10, in their official, | ) |
| professional, personal, and individual | ) |
| capacities, jointly and severally, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

ELIZABETH K. ABDNOUR (P78203)
Attorney for Plaintiff
325 e. Grand River Ave., Ste. 250
East Lansing, MI  48823
(517) 994-1776
liz@education-rights.com

DAVID WESLEY CORNISH, ESQ.
Attorney for Plaintiff
230 South Broad St., 17th Floor
Philadelphia, PA  19102
(888) 313-1385
dwesley24@gmail.com
*Admission application to be filed

GREGORY W. MAIR (P67465)
KAILEN C. PIPER (P82865)
Attorneys for Defendants Saginaw ISD &
Saginaw ISD Board of Education
300 St. Andrews Road, Suite 302
Saginaw, MI  48638
(989) 790-0960
gmair@owdpc.com
kpiper@owdpc.com
dmcclure@owdpc.com

**DEFENDANTS SAGINAW INTERMEDIATE SCHOOL
DISTRICT AND SAGINAW INTERMEDIATE SCHOOL
DISTRICT BOARD OF EDUCATION'S MOTION TO
DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)**

**\*\*ORAL ARGUMENT REQUESTED\*\***

NOW COME the above-named Defendants, SAGINAW INTERMEDIATE
SCHOOL DISTRICT and SAGINAW INTERMEDIATE SCHOOL DISTRICT
BOARD OF EDUCATION, by and through their attorney, GREGORY W. MAIR,
and for their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), states as
follows:

1.    That Plaintiff's Complaint alleges that he was subjected to unwelcomed
illegal and sexual contact / conduct by an employee of Co-Defendants Holy Cross
Children's Services, Holy Cross Services, Holy Cross Services, Inc. (collectively,
"Holy Cross") between 2015 and 2019.

2.    That Plaintiff filed his Complaint on May 1, 2025, alleging:   (1)
violations of Title IX 20 U.S.C. § 1681 *et seq.* against Saginaw Intermediate School
District  and Saginaw Intermediate School District Board of Education (collectively,
the "SISD") (Counts I and II); (2) violations of Title 42 (42 U.S.C. § 1983 *et seq*)
against the SISD (Counts III and IV); (3) Negligence and Recklessness against the
SISD (Count V); (4) Negligent Retention against the SISD (Count VI); (5) Negligent
Supervision against the SISD (Count VII); (6) Gross Negligence against the SISD

(Count VIII); and (13) violations of the Elliot-Larsen Civil Rights Act MCL §
37.2201, *et seq.* against the SISD (Count XIII).  (ECF No. 1, Page ID. 14-39, 45-
46).

3.     That Plaintiff does not allege, and he cannot prove, that the SISD was
a party to or perpetrated the underlying unwelcomed illegal sexual contact / conduct
which forms the subject of this dispute.

4.     That Plaintiff's federal and state law claims are barred by the applicable
statute of limitations.

5.     That Plaintiff cannot prove that the statute of limitations should be
tolled based upon Michigan's minor tolling provision as he failed to file his claims
prior to his nineteenth (19th) birthday.

6.     That Plaintiff cannot prove that the statute of limitations should be
tolled based upon MCL §§ 600.5851b and 600.5805, enacted in 2018, as same are
not applicable to the SISD and are not retroactive in nature.

7.     That the Instant Motion is further supported by the accompanying Brief
in Support which is hereby incorporated in its entirety by reference.

WHEREFORE, Defendants, SAGINAW INTERMEDIATE SCHOOL
DISTRICT and SAGINAW INTERMEDIATE SCHOOL DISTRICT BOARD OF
EDUCATION, respectfully request that this Honorable Court Grant their Motion to

3

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Complaint as to

them, in its entirety, and with prejudice.

Respectfully Submitted,

Dated: July 2, 2025                  s/ Gregory W. Mair
                                       GREGORY W. MAIR (P67465)
                                       Attorney for Defendants Saginaw
                                       Intermediate School District &
                                        Saginaw Intermediate School District
                                        Board of Education
                                        300 St. Andrews Road, Suite 302
                                        Saginaw, Michigan 48638
                                        gregmair@owdpc.com
                                        kpiper@owdpc.com

U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TITUS DEPEAL | ) Case No.: 2:25-cv-11275 |
| | ) HON. THOMAS L. LUDINGTON |
| | )   MAGISTRATE JUDGE |
| Plaintiff, | ) PATRICIA T. MORRIS |
| | ) |
| v | ) |
| | ) |
| HOLY CROSS CHILDREN'S SERVICES; | ) |
| HOLY CROSS SERVICES; HOLY CROSS | ) |
| SERVICES, INC.; SAGINAW | ) |
| INTERMEDIATE SCHOOL DISTRICT; | ) |
| SAGINAW INTERMEDIATE SCHOOL | ) |
| DISTRICT BOARD OF EDUCATION; and | ) |
| JOHN/JANE DOES 1-10, in their official, | ) |
| professional, personal, and individual | ) |
| capacities, jointly and severally, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ELIZABETH K. ABDNOUR (P78203)
Attorney for Plaintiff
325 e. Grand River Ave., Ste. 250
East Lansing, MI  48823
(517) 994-1776
liz@education-rights.com

DAVID WESLEY CORNISH, ESQ.
Attorney for Plaintiff
230 South Broad St., 17th Floor
Philadelphia, PA  19102
(888) 313-1385
dwesley24@gmail.com
*Admission application to be filed

GREGORY W. MAIR (P67465)
KAILEN C. PIPER (P82865)
Attorneys for Defendants Saginaw ISD &
Saginaw ISD Board of Education
300 St. Andrews Road, Suite 302
Saginaw, MI  48638
(989) 790-0960
gmair@owdpc.com
kpiper@owdpc.com
dmcclure@owdpc.com

**BRIEF IN SUPPORT OF DEFENDANTS SAGINAW INTERMEDIATE
SCHOOL DISTRICT AND SAGINAW INTERMEDIATE SCHOOL
DISTRICT BOARD OF EDUCATION'S MOTION TO DISMISS
PURSUANT TO FED R. CIV. P. 12(b)(6)**

**\*\*ORAL ARGUMENT REQUESTED\*\***

PREPARED BY:
GREGORY W. MAIR (P67465)
Attorney for Defendants Saginaw
Intermediate School District and
Saginaw Intermediate School
District Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
(989) 790-0960
gmair@owdpc.com

# TABLE OF CONTENTS

**PAGE**

Index of Authorities ……………………….………………………..…..……….….iv

Questions Presented ……………………….……..……….….……….…..……….….…vi

Statement of Controlling or Most Appropriate Authority for the
Relief Requested…………..…………………….….….……….…………vii

Introduction ……………………….……………….……..……….…..…..1

Statement of Facts…………………………………………..……...……..2

Standard of Review……………………………………………….....……..4

Law and Argument…………..…………………….………....…..….…..….…..5

    I.    PLAINTIFF'S FEDERAL AND STATE CLAIMS OF
        CONDUCT ARE TIME-BARRED BY THE APPLICABLE
        STATUTE OF LIMITATIONS……………..…………….…..……6

Conclusion……………………….……..……….…..….…....……….…..….…15

## INDEX OF AUTHORITIES

## CASES

*Altman v. Meridian Twp.*
    439 Mich. 623 (1992)……………………………………………………14

*Anderson v. Bd. Of Educ. of Fayette Cty.*, 616 F.Supp.2d 662, 668
(E.D. Ky. 2009)…………………………………………………….…………6

*Britt v. Smith*, 9 Fed. Appx. 409, 411 (6th Cir. 2001) ………………….………8

*Cardello-Smith v. Archdiocese of Detroit*, Dkt. No. 368376 at pgs. 1-5,
(Mich. Ct. App. Aug. 1, 2024)………………………………………………12

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369
(6th Cir. 2011)…………………………………………………..…..……4

*Dibenedetto v. West Shore Hosp.*
    461 Mich. 394, 402 (2002)…………………………………..……...14

*Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)……………….………6

*Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*,
264 Mich. App. 632, 639 (2004)……………………………………viii, 9

*Forrester v. Clarenceville School District*, Dkt. No. 20-12727
at pgs. 2-3, (E.D. Mich. June 3, 2021)……………………………….…………vii, 7

*Gladych v. New Family Homes, Inc.*
    468 Mich. 594, 597 (2003)……………………………………………14

*JiQiang Xu v. Michigan State Univ.*, Dkt. No. 05-1372 at pg. 3,
(6th Cir.  Aug. 24, 2006)………………………………….………viii, 6

*Kreipke v. Wayne State Univ.*, 807 F.3d 768, 744 (6th Cir. 2015)………..…...……5

*McLain v. Roman Catholic Diocese of Lansing*, Dkt. No. 165741 at pg. 12,
(Mich. July 10, 2024)………………………………………….…..……viii, 11, 15

*Murphy v. Michigan Bell Telephone Co.*
    447 Mich. 93, 98 (1994)……………………………………………………14

*People v. Regts*, 219 Mich. App. 294, 297 (1996)………………………………13

*Perreault v. Hostetler*, 884 F.2d 267, 270 (6th Cir. 1989)………………..………8

*Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)…………………..………6

*Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*,
821 F.3d 780, 786 (6th Cir. 2016)…………………………………………vii, 4, 5

*Turner v. Auto Club Ins. Ass'n*
    448 Mich. 22, 27 (1995)…………………………………………………..14

*Vance v. Henry Ford Health Sys.*, 272 Mich. App. 426, 432 (2006)…..…………9

## COURT RULES AND STATUTES

20 U.S.C. § 1681……………………………………….…..…………….vii, 1, 2, 5, 7

42 U.S.C. § 1983……………………………………….…..……………..vii, 1, 2, 5, 7

MCL § 37.2201……………………………………….………………… vii, 1, 2, 5

MCL § 600.5805………………………………………..…………ix, 10, 13, 14, 15

MCL § 600.5851……………………………………….……viii, ix, 8, 9, 10, 11, 12, 13, 15

MCL 722.623………………………………………………………………………3

MCL § 750.520……………………………………….…..…………13, 15

FRCP 12(b)(6)……………………………………………………vii, ix, 4, 5, 7, 16

## QUESTIONS PRESENTED

I.   Whether this Honorable Court should dismiss Plaintiff's claims because they are barred by the applicable statute of limitations?

       Defendants would answer, "Yes."
       This Honorable Court should answer "Yes."

II.  Whether this Honorable Court should dismiss Plaintiff's claims because Plaintiff cannot prove that the applicable statute of limitations should be tolled?

       Defendants would answer, "Yes."
       This Honorable Court should answer, "Yes."

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF REQUESTED

The Federal Rule of Civil Procedure 12(b)(6) allows a claim to be dismissed when the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6).  If a claim is time-barred, it is appropriate for the court to dismiss the claim under Fed. R. Civ. Pro. 12(b)(6). *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016) (internal citations, quotations and brackets omitted).

Plaintiff alleges violations of Title IX, 20 U.S.C. § 1681 *et seq.* (Counts I and II) and violations of Title 42 (42 U.S.C. § 1983 *et seq*) (Counts III and IV) against the Saginaw Intermediate School District and Saginaw Intermediate School District Board of Education (collectively, the "SISD").   Consistent with the previous opinions of this Honorable Court, Plaintiff's claims arising under federal law are subject to a three (3) year statute of limitations that accrues at the time of the alleged inappropriate conduct / abuse and Michigan's Criminal Sexual Conduct Statutes do not apply to the federal law claims pled. *Forrester v. Clarenceville School District,* Dkt. No. 20-12727 at pgs. 2-3, (E.D. Mich. June 3, 2021) (Exhibit 3).  Therefore, all of Plaintiff's federal law claims are time-barred and thus relief cannot be granted and this Honorable Court should decline to exercise supplemental jurisdiction.

In Michigan, a plaintiff may bring a cause of action for personal injury within three (3) years of the injury.  MCL § 37.2201.  The three (3) year limitations period

begins when the "plaintiff knows or has reason to know of the injury." *JiQiang Xu v. Michigan State Univ.*, Dkt. No. 05-1372 at pg. 3, (6th Cir. Aug. 24, 2006) (Exhibit 4). The alleged injury in this case occurred between 2015 to 2019, however, Plaintiff did not file his claim until 2025, three (3) years beyond the statute of limitations. Therefore, Plaintiff's claims are time-barred, and relief cannot be granted.

In some instances, minors may have the statute of limitations tolled if they were under the age of eighteen (18) years old when the claims accrued and they file their claims when they turn nineteen (19) years of age. MCL § 600.5851(1); *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 639 (2004). Herein, the minor tolling provision does not save Plaintiff's claim because he did not bring these claims when he was nineteen (19) years old in 2023. Plaintiff did not file his Complaint until he was twenty-one (21) years old. (Titus Depeal MODC—Exhibit 5).

MCL § 600.5851b also extends the statute of limitations for criminal sexual conduct claims brought by minors. However, MCL § 600.5851b does not extend the statute of limitations for Plaintiff in this case because Plaintiff's alleged injuries occurred before the statute was enacted and MCL § 600.5851b does not apply retroactively. *McLain v. Roman Catholic Diocese of Lansing*, Dkt. No. 165741 at pg. 12, (Mich. July 10, 2024) (Exhibit 1).

Likewise, MCL § 600.5805(6) also extends the period of limitations to ten (10) years for an action to recover damages sustained because of criminal sexual conduct. *Id.* MCL § 600.5805(6) defines criminal sexual conduct as the actions or inactions of an alleged perpetrator / actor in performing an illegal sexual act. Herein, Plaintiff is not alleging that the SISD was the alleged perpetrator or actor that performed the alleged illegal sexual act. Rather, the allegations against SISD are that it failed to report child abuse, provide treatment, supervision, and rehabilitation in accordance with the law. (ECF No. 1, PageID. 10-11, 13-14, ¶ 42, 54). Therefore, MCL § 600.5805(6) does not toll the statute of limitations.

Further, MCL § 600.5851b(3) provides that a minor victim of "criminal sexual conduct" between December 31, 1996 and June 18, 2016 may commence an action to recover damages for "criminal sexual conduct" by September 16, 2018 if the person alleged to have committed the "criminal sexual conduct" is convicted of same and was the victim's physician or offered the victim medical treatment. However, this statute does not extend Plaintiff's claims in this case because the SISD was not convicted of criminal sexual conduct, it was not Plaintiff's physician and it did not offer Plaintiff medical treatment.

For the reasons set forth in more detail herein, SISD respectfully requests that this Honorable Court Grant their Motion to Dismiss pursuant to FRCP 12(b)(6) and dismiss Plaintiff's Complaint as to them, in its entirety, and with prejudice.

## **INTRODUCTION**

Titus Depeal's ("Plaintiff") Complaint alleges that he was Court-ordered to live at Co-Defendants, Holy Cross Children's Services, Holy Cross Services, and Holy Cross Services, Inc.'s (collectively, "Holy Cross") facility.  During his stay, he claims he was subjected to unwelcomed illegal sexual contact / conduct by one of Holy Cross' employees—Mr. Arnold—that commenced in 2015 and ended in 2019. (*See Plf.'s Complaint*, ECF No. 1, PageID. 9, ¶ 36a-h, 38a).  The SISD provided educational services at Holy Cross' facility.  (ECF No. 1, PageID. 8, ¶ 34).  However, Plaintiff does not allege that the SISD provided educational services specifically to Plaintiff.

Plaintiff filed his Complaint on May 1, 2025.  As to SISD, Plaintiff's Complaint alleges:

1.   Violations of Title IX 20 U.S.C. § 1681 *et seq.* (Counts I and II).
2.   Violations of Title 42 (42 U.S.C. § 1983 *et seq*) (Counts III and IV).
3.   Negligence and Recklessness (Count V).
4.   Negligent Retention (Count VI).
5.   Negligent Supervision (Count VII).
6.   Gross Negligence (Count VIII).
7.   Violations of the Elliot-Larsen Civil Rights Act MCL § 37.2201, *et seq*. (Count XIII).

(ECF No. 1, Page ID. 14-38, 45-46).

Additionally, Plaintiff's Complaint alleges:

1.    Violations of Title IX 20 U.S.C. § 1681 *et seq.* against Holy Cross. (Counts I and II).
2.    Violations of Title 42 U.S.C. § 1983 against Holy Cross and John/Jane Doe 1-10. (Counts III and IV).
3.    Negligence and Recklessness against Holy Cross and John/Jane Doe 1-10. (Count V).
4.    Negligent Retention against Holy Cross and John/Jane Doe 1-10. (Count VI).
5.    Negligent Supervision against Holy Cross and John/Jane Doe 1-10. (Count VII).
6.    Gross Negligence against Holy Cross and John/Jane Doe 1-10. (Count VIII).
7.    Vicarious Liability against Holy Cross. (Count IX).
8.    Negligent Infliction of Emotional Distress against Holy Cross. (Count X).
9.    Intentional Infliction of Emotional Distress against Holy Cross. (Count XI).
10.   Breach of Fiduciary Duty against Holy Cross. (Count XII).
11.   Violations of the Elliot-Larsen Civil Rights Act. MCL § 37.2201, *et seq.* against Holy Cross and John/Jane Doe 1-10. (Count XIII).

(ECF No. 1, Page ID. 14-46).

However, Plaintiff's federal and state law claims against the SISD are barred by the applicable statute of limitations. Therefore, the claims within Plaintiff's Complaint against SISD must be dismissed in their entirety and with prejudice.

## STATEMENT OF FACTS

Plaintiff recently turned twenty-one (21) years old on May 3, 2025. (Titus Depeal MODC—Exhibit 5). His Complaint alleges that he was a minor at the time the alleged causes of action accrued in this matter. (ECF No. 1, PageID.9, ¶ 38a). The Complaint states that he was approximately ten (10) to thirteen (13) years old

when he was Court-ordered to live at Holy Cross' facility from 2015 to 2019 and when the alleged events took place. (ECF No. 1, PageID. 9, ¶ 38a).

Specifically while at the facility, Plaintiff alleges that he was abused by Holy Cross' staff members. (ECF No. 1, PageID. 8, ¶ 36). This includes Holy Cross employee—Mr. Arnold—who allegedly engaged in sexual intercourse and other inappropriate behaviors with Plaintiff on numerous occasions. (ECF No. 1, PageID. 9-10, ¶ 36a-h).

Accepting all of the factual allegations of the Plaintiff's Complaint as true[1], as SISD must for the purpose of this Motion, the last alleged inappropriate conduct attributed to Holy Cross took place from 2015-2019, six (6) to ten (10) years prior to the filing of Plaintiff's Complaint in this matter on May 1, 2025. (ECF No. 1, PageID. 9, ¶ 38a). Additionally, given that Plaintiff was ten (10) to thirteen (13) years of age from 2015 to 2019, he would have reached the age of majority, eighteen (18), by 2022.

With respect to SISD, Plaintiff alleges that it is, through its staff, mandated reporters pursuant to MCL 722.623 and is required to report any suspected child abuse. (ECF No. 1, PageID. 10-11, ¶ 42). Additionally, Plaintiff alleges that the SISD had a duty to provide treatment, supervision, and rehabilitation in accordance

---

[1] Only accepting for purposes of this Motion and reserve the right to dispute the allegations pertaining to liability and/or damages should this Motion not prevail in full.

with the law and failed to do so.  (ECF No. 1, PageID. 13-14, ¶ 54).  However, Plaintiff has not alleged that the SISD specifically provided educational services to Plaintiff.

However, Plaintiff does not allege specifically how or when the SISD or its staff suspected or knew of any abuse nor when it failed to take any remedial steps. The Complaint does not allege that the SISD participated in the alleged inappropriate conduct, only that they provided educational services for Holy Cross.  (ECF No. 1, PageID. 8, ¶ 34).  Importantly, Plaintiff does not allege that the SISD employed, controlled or supervised Mr. Arnold.  Notably, there are no allegations that the SISD even knew Mr. Arnold or had any control over his employment.

## **STANDARD OF REVIEW**

In reviewing a motion to dismiss brought pursuant to Fed. R. Civ. Pro. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 785-86 (6th Cir. 2016) (internal citations, quotations and brackets omitted).  However, a court need not accept any legal conclusions when considering a motion to dismiss.  *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011).  To survive a motion to dismiss under Rule 12(b)(6), "[t]he complaint must contain either direct or inferential allegations respecting all material elements necessary for recovery under

4

a viable legal theory." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 744 (6th Cir. 2015) (citation omitted).  "[W]hen the allegations in the complaint affirmatively show that the claim is time-barred. . . dismissing the claim under Rule 12(b)(6) is appropriate." *Stein*, 821 F.3d at 786 (citations omitted).

## LAW AND ARGUMENT

Plaintiff's Complaint alleges nine (9) claims against the SISD, which can be categorized into federal law claims and state law claims as follows:

### Federal Law Claims

1. Violations of Title IX 20 U.S.C. § 1681 *et seq.* (Counts I and II).
2. Violations of Title 42 (42 U.S.C. § 1983 *et seq*) (Counts III and IV).

### State Law Claims

3. Negligence and Recklessness (Count V).
4. Negligent Retention (Count VI).
5. Negligent Supervision (Count VII).
6. Gross Negligence (Count VIII).
7. Violations of the Elliot-Larsen Civil Rights Act MCL § 37.2201, *et seq*. (Count XIII).

(ECF No. 1, Page ID. 14-39, 45-46).  For the reasons set forth below, Plaintiff's Complaint, as it relates to the SISD, must be dismissed in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## I.   PLAINTIFF'S FEDERAL AND STATE CLAIMS OF CONDUCT ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

A three (3) year statute of limitations applies to all of Plaintiff's claims alleged in his Complaint against the SISD.  While state law governs the limitations period, "federal law is used to determine 'when the statute of limitations begins to run, that is, when the cause of action accrues.'"  *JiQiang Xu v. Michigan State Univ.*, Dkt. No. 05-1372 at pg. 3, (6th Cir.  Aug. 24, 2006) (Exhibit 4) (citing *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)).  "The limitation period is triggered 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"  *Id.* at 455-456.  "The key date for accrual of the limitations period is the injury."  *Id.*

In determining when Plaintiff's claims accrued, then, the key date is when he was allegedly injured, *i.e.*, when the alleged inappropriate relationship / conduct occurred.  *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984); see also *Anderson v. Bd. Of Educ. of Fayette Cty.*, 616 F.Supp.2d 662, 668 (E.D. Ky. 2009) (plaintiffs' allegations of sexual abuse accrued "at the time [the sexual abuse] was allegedly inflicted").  This is to say that Plaintiff's cause of action accrued at the time of the alleged abusive acts.  Plaintiff alleges that the inappropriate relationship / conduct at issue occurred between 2015 and ended in 2019.  (ECF No. 1, PageID. 9, ¶ 38a).  Therefore, his claims accrued by 2019, at the latest.

**A. This Honorable Court's Recent Decision in *Forrester v. Clarenceville School District* Bars all of Plaintiff's Federal Claims.**

In *Forrester v. Clarenceville School District,* Dkt. No. 20-12727 at pgs. 2-3, (E.D. Mich. June 3, 2021) (Exhibit 3), this Honorable Court recently granted the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss on statute of limitations grounds as it related to the plaintiffs' federal law claims. Therein, the plaintiffs alleged federal law claims, much like the Plaintiff in this action, including alleged violations of 42 U.S.C. § 1983 and violations of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.* (Exhibit 3). This Honorable Court ultimately dismissed these claims finding that plaintiffs, all of which were students at the defendant school district and alleged that they had been abused as early as 2008, who had filed their complaint on October 7, 2020 had not filed their complaint within the statute of limitations applicable to their federal law claims. (Exhibit 3). In this regard, this Honorable Court found that their federal law claims accrued at the time that the alleged abuse occurred were subject to a three (3) year statute of limitations. (Exhibit 3). Thereafter, this Honorable Court declined to exercise supplemental jurisdiction over the pendent state law claims, dismissing same without prejudice. (Exhibit 3).

The *Forrester* opinion is instructive as it relates to Plaintiff's federal law claims herein. In this regard, this Honorable Court has already determined that same are subject to a three (3) year statute of limitations that accrues at the time of the

alleged inappropriate conduct / abuse and Michigan's Criminal Sexual Conduct Statutes do not apply to the federal law claims pled.  Therefore, Plaintiff's federal law claims against the SISD, alleged in Counts I, II, III, and IV of Plaintiff's Complaint, must be dismissed as same are barred by the three (3) year statute of limitations.  Furthermore, this Honorable Court should refrain from exercising supplemental jurisdiction over Plaintiff's remaining state law claims as same are likewise time-barred for the reasons set forth herein.

### B. Plaintiff Cannot Prove That The Statute Of Limitations Should Be Tolled Based Upon Michigan's Minor Tolling Provision.

Michigan law applies in determining whether Plaintiff's claims may be tolled. *Perreault v. Hostetler*, 884 F.2d 267, 270 (6th Cir. 1989) ("Whether a limitations period is tolled is an inherent aspect of a state's statute of limitations and, therefore, federal courts are obligated to apply state tolling statutes").  Plaintiff cannot invoke the minor tolling provision contained within MCL § 600.5851 to overcome the untimeliness of his claims.  "***The burden of demonstrating that an action is not barred by the applicable statute of limitations rests with the plaintiff.***"  *Britt v. Smith*, 9 Fed. Appx. 409, 411 (6th Cir. 2001) (internal citations omitted) (emphasis added).  MCL § 600.5851 (1), provides:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the

action although the period of limitations has run. This section does not lessen the time provided for in section 5852.

To obtain the benefit of tolling based upon minor status, Plaintiff must prove that he was a minor under the age of eighteen (18) years old when the claims accrued and that he filed his claims within one (1) year after his eighteenth (18th) birthday, or before he turned nineteen (19). MCL § 600.5851(1); *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 639 (2004) (finding that the plaintiff had one year after reaching the age of majority (18 years old) to file his claims). The Court in *Vance v. Henry Ford Health Sys.*, 272 Mich. App. 426, 432 (2006), explained that MCL § 600.5851(1) "does not toll the running of the general period of limitations applicable to the action; rather, ***it exempts certain claims from the bar of the general statute of limitations and allows the filing of a claim within one year after the disability is removed***." (emphasis added).

Plaintiff alleges that while he was a minor while living at Holy Cross' facility, Mr. Arnold engaged in an inappropriate relationship / conduct directed toward him. (ECF No. 1, PageID. 9, ¶ 38a). Plaintiff does not allege that he initiated any action to pursue his claims within one (1) year after reaching eighteen (18) years of age, the age of majority. To the contrary, he did not file his Complaint before his nineteenth (19th) birthday, or within one (1) year after reaching the age of majority. (ECF No. 1). Rather, he waited until May 1, 2025 to file his Complaint; even though, he turned eighteen (18) in 2022. (ECF No. 1) (Exhibit 5). As such, MCL § 600.5851

9

does not serve to toll Plaintiff's claims against the SISD and his claims against them are barred by the applicable statute of limitations.

## C. MCL §§ 600.5851b and 600.5805(6) Do Not Save Plaintiff's Claims.

MCL §§ 600.5851b and 600.5805(6) are two (2) recently enacted statutes of limitations applicable to criminal sexual conduct claims. However, same do not apply and cannot be retroactively applied to extend the statute of limitations in this case.

In this regard, MCL § 600.5851b, enacted in 2018, states in its entirety:

(1) Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:

   (a) The individual reaches the age of 28 years.
   (b) Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.

(2) For purposes of subsection (1), it is not necessary that a criminal prosecution or other proceeding have been brought as a result of the conduct or, if a criminal prosecution or other proceeding was brought, that the prosecution or proceeding resulted in a conviction or adjudication.

(3) Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages

[until 2016] sustained because of the criminal sexual conduct within 90 days after the effective date of the amendatory act that added this section if the person alleged to have committed the criminal sexual conduct was convicted of criminal sexual conduct against any person under section 520b of the Michigan penal code, 1931 PA 328, MCL 750.520b, and the defendant admitted either of the following:

   (a) That the defendant was in a position of authority over the victim as the victim's physician and used that authority to coerce the victim to submit.

   (b) That the defendant engaged in purported medical treatment or examination of the victim in a manner that is, or for purposes that are, medically recognized as unethical or unacceptable.

(4) This section does not limit an individual's right to bring an action under section 5851.

(5) As used in this section:

   (a) "Adjudication" means that term as defined in section 5805.

   (b) "Criminal sexual conduct" means that term as defined in section 5805.

Regarding MCL § 600.5851b, the Michigan Supreme Court in *McLain v. Roman Catholic Diocese of Lansing,* recently decided that same does not apply retroactively. *McLain v. Roman Catholic Diocese of Lansing,* Dkt. No. 165741 at pg. 12, (Mich. July 10, 2024) (Exhibit 1). Therein, the plaintiff claimed that while he was a minor in 1999, he resided at a training school and was subject to criminal sexual conduct perpetrated by a priest. (Exhibit 1 at pg. 4-5). The plaintiff did not file his complaint against the training school until 2021. (Exhibit 1 at pg. 4). The

Court performed an analysis based on the construction of the statute of limitations, and determined that MCL § 600.5851b does not apply retroactively.  (Exhibit 1 at pg. 11-12).  As a result, the Court determined that the plaintiff's claim against the training school was time-barred.  (Exhibit 1 at pg. 12).

The Michigan Court of Appeals followed the Michigan Supreme Court's decision reenforcing that MCL § 600.5851b does not apply retroactively.  *Cardello-Smith v. Archdiocese of Detroit*, Dkt. No. 368376 at pg. 5, (Mich. Ct. App. Aug. 1, 2024) (Exhibit 2).  In *Cardello-Smith v. Archdiocese of Detroit*, the plaintiff claimed abuse from 1979 to 1993 by a priest.  (Exhibit 2 at pg. 1).  However, the plaintiff did not file his complaint against the diocese  until 2023.  (Exhibit 2 at pg. 1).  The court held that the plaintiff's claims were untimely and thus barred because the statute is not applied retroactively.  (Exhibit 2 at pg. 6).

Herein, Plaintiff alleges that he was abused by Mr. Arnold from 2015 to 2019. MCL § 600.5851b was enacted on June 12, 2018, and does not extend the statute of limitations for claims that ran afoul of the statute of limitations applicable at the time the claim accrued prior to the enactment date of MCL § 600.5851b.  Further, Michigan's minor tolling provision does not apply and does not save Plaintiff's claims.  Accordingly, Plaintiff had three (3) years to bring his claims from 2015 to June 11, 2018, and the statute of limitations applicable for those claims has now expired.  Therefore, at a minimum, Plaintiff's claims that accrued from 2015 to June

11, 2018 are time-barred and must be dismissed.

Next, MCL § 600.5851b(3) provides that an individual, who is a minor victim of "criminal sexual conduct" as defined by this statute, between December 31, 1996 and June 18, 2016, may commence an action to recover damages for "criminal sexual conduct" by September 16, 2018 if the person alleged to have committed the "criminal sexual conduct" is convicted of same as defined by MCL § 750.520b and was the victim's physician or offered the victim medical treatment – the Larry Nassar Exception. The Michigan Court of Appeals has stated that "medical treatment" in criminal sexual conduct cases, applies to all healthcare professionals. *People v. Regts*, 219 Mich. App. 294, 297 (1996). However, this exception is not applicable to Plaintiff's claims in this case because the SISD was not Plaintiff's physician nor is there any allegation that it provided Plaintiff medical treatment.

Next, MCL § 5805(6), likewise amended in 2018, provides that the period of limitations is ten (10) years for an action to recover damages sustained because of criminal sexual conduct. MCL § 5805(16)(b) defines "criminal sexual conduct" as "conduct prohibited under section 520b, 520c, 520d, 520e, or 520g of the Michigan penal code, 1931 PA 328, MCL 750.520b, 750.520c, 750.520d, 750.520e, and 750.520g." However, MCL §§ 750.520b, 750.520c, 750.520d, 750.520e and 750.520g all define "criminal sexual conduct" in reference to the actions or inactions of an alleged perpetrator / actor in performing an illegal sexual act—allegedly Mr.

13

Arnold—as opposed to the SISD, a  non-party to the alleged act.  Indeed, all of the above-mentioned penal statutes reference an actor who engages in a sexual act in support of their definition of "criminal sexual conduct."

The goal of statutory interpretation is to give effect to the Legislature's intent as expressed in the statutory language.  *Gladych v. New Family Homes, Inc.*, 468 Mich. 594, 597 (2003); *Murphy v. Michigan Bell Telephone Co.*, 447 Mich. 93, 98 (1994).  "If the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed – no further judicial construction is required or permitted, and the statute must be enforced as written."  *Id.* (quoting *Dibenedetto v. West Shore Hosp.*, 461 Mich. 394, 402 (2002) (internal quotations omitted)).  When construing a statute, the court must presume that every word has some meaning and should avoid any construction that would render any part of the statute nullified.  *Altman v. Meridian Twp.*, 439 Mich. 623 (1992).  The words used by the legislature shall be given their common and ordinary meaning, and only where the statutory language is ambiguous may this Honorable Court look outside the statute to ascertain the Legislature's intent.  *Turner v. Auto Club Ins. Ass'n*, 448 Mich. 22, 27 (1995).  The above-quoted language is unambiguous; therefore, no further judicial interpretation is permitted.

There is nothing contained within MCL 600.5805(6) that suggests "clear, direct, and unequivocal" language indicating that the Legislature intended the

statutes to apply retroactively.  Furthermore, there are no allegations, perhaps because there is no proof, that the SISD, was accused or convicted of "criminal sexual conduct" as defined by MCL § 750.520b. As such, pursuant to the plain and unambiguous language of the above-quoted statute and the Michigan Supreme Court's rulings, and the allegations contained within Plaintiff's Complaint, the actions or inactions of the SISD—all non-parties to the alleged sexual conduct that forms the basis of Plaintiff's Complaint—do not meet the definition of "criminal sexual conduct" under MCL §§ 600.5851b and 600.5805(6) and Plaintiff's claims cannot be tolled pursuant to same. Furthermore, in *McLain v. Roman Catholic Diocese of Lansing,* the Michigan Supreme Court also ruled that MCL § 600.5805(6) does not apply retroactively to save claims that run afoul of the statute of limitations in effect at the time that the statute of limitations accrued.  (Exhibit 1 at pg. 10). Therefore, Plaintiff's state law claims against the SISD– alleged in Counts V, VI, VII, VIII, and XIII of Plaintiff's Complaint, must be dismissed as same are barred by the applicable three (3) year statute of limitations and this Honorable Court should decline to exercise supplemental jurisdiction.

## **CONCLUSION**

WHEREFORE, Defendants, SAGINAW INTERMEDIATE SCHOOL DISTRICT AND SAGINAW INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION, respectfully request that this Honorable Court Grant their Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(B)(6) and dismiss Plaintiff's Complaint as to

them in its entirety and with prejudice.

Respectfully Submitted,

Dated: July 2, 2025

s/ Gregory W. Mair
GREGORY W. MAIR (P67465)
Attorney for Defendants Saginaw
Intermediate School District and
Saginaw Intermediate School
District Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
gregmair@owdpc.com

16

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

Elizabeth K. Abdnour

liz@education-rights.com
abdnoure@recap.email
jennifer@education-rights.com

Gregory W. Mair

gmair@owdpc.com
dmcclure@owdpc.com
jmconnolly@owdpc.com

Kailen C. Piper

kpiper@owdpc.com
aallison@owdpc.com
jmconnolly@owdpc.com

Respectfully submitted,

Dated: July 2, 2025

/s/ Gregory W. Mair
GREGORY W. MAIR (P67465)
Attorney for Defendants Saginaw ISD
& Saginaw ISD Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
(989) 790-0960
gmair@owdpc.com

17