2024 WL 3363931
Only the Westlaw citation is currently available.
Supreme Court of Michigan.

Brian MCLAIN, Plaintiff-Appellant,

v.

ROMAN CATHOLIC DIOCESE
OF LANSING, Defendant-Appellee,

and

Richard Lobert and Roman Catholic
Archdiocese of Baltimore, Defendants.

Docket No. 165741
|
Calendar No. 3
|
Argued April 16, 2024
|
Decided July 10, 2024

**Synopsis**
**Background:** Victim of sexual abuse brought negligence action against priest and employers, diocese and archdiocese, alleging that priest sexually abused him when he was a minor. The Circuit Court, Livingston County, L. Suzanne Geddis, J., 2022 WL 20100215, denied defendants' motions for summary disposition. Employers appealed. The Court of Appeals, 2023 WL 3131974, reversed and remanded with instructions. Victim sought leave to appeal in the Supreme Court, which was granted.

**Holdings:** The Supreme Court, Cavanagh, J., held that:

[1] statute created a discovery rule for measuring accrual date for limitations period for claims of minor victims relating to criminal sexual assault;

[2] negligence claim accrued, and three-year limitations period, which could be extended one year after victim became an adult, began to run, at the time of the sexual assault;

[3] addition of statute creating a discovery rule for measuring accrual date for limitations period for claims of minor victims of criminal sexual assault did not create a new cause of action or renew running of limitations period;

[4] plain language of statute did not clearly indicate that discovery rule accrual method should apply retroactively to resuscitate stale claims;

[5] principle that in some situations a statute is not regarded as operating retroactively merely because it relates to an antecedent event did not apply; and

[6] factor providing that a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute did not apply.

Affirmed.

Zahra, J., filed opinion concurring in part and dissenting in part, in which Clement, C.J., and Viviano, J., concurred and agreed.

**Procedural Posture(s):** Petition for Discretionary Review; On Appeal; Motion for Summary Disposition.

West Headnotes (24)

[1]  **Appeal and Error** ⇨ De novo review
Supreme Court reviews de novo a trial court's decision on a motion for summary disposition.

[2]  **Summary Judgment** ⇨ Immunity
**Summary Judgment** ⇨ Limitations and laches
When a defendant brings a motion for summary disposition because of immunity granted by law or statute of limitations, among other grounds, courts accept the allegations in the complaint as true unless contradicted by documentation that they have submitted. Mich. Ct. R. 2.116(C)(7).

[3]  **Appeal and Error** ⇨ Statutory or legislative law
Supreme Court reviews de novo questions of statutory interpretation.

[4]  **Limitation of Actions**  Causes of action in general

A claim's accrual date is the anchor point from which the statute of limitations is measured.

[5]  **Limitation of Actions**  Causes of action in general

Additional damages resulting from the same harm do not reset the accrual date or give rise to a new cause of action. Mich. Comp. Laws Ann. § 600.5827.

[6]  **Limitation of Actions**  In general; what constitutes discovery

The discovery rule no longer applies to claims subject to the general accrual statute or to other accrual statutes that do not include this concept. Mich. Comp. Laws Ann. § 600.5827.

[7]  **Limitation of Actions**  In general; what constitutes discovery

**Limitation of Actions**  Concealment of Cause of Action

The legislature can and does codify the discovery rule for certain types of claims, including actions alleging medical malpractice, actions brought against certain defendants alleging injuries from unsafe property, and actions alleging fraudulent concealment of the claim or the identity of any person who is liable for the claim. Mich. Comp. Laws Ann. §§ 600.5838a(2), 600.5839(1)(b), 600.5855.

[8]  **Limitation of Actions**  In general; what constitutes discovery

Under a discovery-based analysis, a claim does not accrue until a plaintiff knows, or objectively should know, that the plaintiff has a cause of action and can allege it in a proper complaint.

[9]  **Limitation of Actions**  Injuries to person

**Limitation of Actions**  Injuries to the Person

Reading statute in its entirety, it was clear that the legislature intended to allow minor victims of criminal sexual conduct to bring a cause of action either by the time they turned 28, an extension of the otherwise applicable statute of limitations, or within three years of when they discovered, or through the exercise of reasonable diligence should have discovered, their injuries and the causal relationship between their injuries and the criminal sexual conduct, whichever was later, and thereby statute created a discovery rule for measuring accrual date for limitations period; date of the offense did not control when the claim accrued. Mich. Comp. Laws Ann. §§ 600.5827, 600.5851b(1).

1 Case that cites this headnote

[10]  **Limitation of Actions**  In general; what constitutes discovery

Explicit reference to the general accrual statute or to accrual is unnecessary for a statute to expressly provide a different accrual method than that in the general accrual statute, so long as the words the legislature employ evidence that the statute is intended to function as a discovery rule. Mich. Comp. Laws Ann. § 600.5827.

[11]  **Limitation of Actions**  Injuries to person

Negligence claim against priest's employers, diocese and archdiocese, relating to priest's sexual abuse of minor victim accrued, and three-year limitations period, which could be extended one year after victim became an adult, began to run, at the time of the sexual assault; subsequent damage arising after initial assaults did not give rise to a new cause of action or renew running of the limitations period. Mich. Comp. Laws Ann. §§ 600.5805(2), 600.5851.

[12]  **Limitation of Actions**  Revival of causes of action by amendment or repeal of statute

Actions of priest as described in negligence complaint alleging sexual abuse of a minor comprised actionable criminal sexual conduct that could support a civil suit against priest, diocese, and archdiocese, and thus enactment, after expiration of limitations period for negligence action, of statute creating a discovery rule for measuring accrual date for limitations period for claims of minor victims of criminal sexual assault did not create a new cause of action or renew running of limitations period.

⚑ Mich. Comp. Laws Ann. §§ 600.5851b(1)(b), ⚑ 750.520b-⚑ 750.520g.

1 Case that cites this headnote

[13] Statutes ⚷ Language and Intent; Express Provisions

Statutes are intended to apply prospectively absent clear legislative intent to the contrary.

[14] Statutes ⚷ Language and Intent; Express Provisions

In determining whether a statute should be applied retroactively or prospectively only, the primary and overriding rule is that legislative intent governs.

[15] Statutes ⚷ Language and Intent; Express Provisions

In determining whether a law has retroactive effect, courts consider whether there is specific language providing for retroactive application.

1 Case that cites this headnote

[16] Statutes ⚷ Nature and definition of retroactive statute

In some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event.

1 Case that cites this headnote

[17] Statutes ⚷ Effect on vested rights

Statutes ⚷ Imposition of liabilities, penalties, duties, obligations, or disabilities

In determining retroactivity, courts must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past.

1 Case that cites this headnote

[18] Statutes ⚷ Remedies and Remedial Statutes

Statutes ⚷ Procedural Statutes

A remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute.

1 Case that cites this headnote

[19] Limitation of Actions ⚷ Revival of causes of action by amendment or repeal of statute

Plain language of the statute creating a discovery rule for measuring accrual date for limitations period for claims of minor victims of criminal sexual assault did not clearly indicate that the discovery rule accrual method should apply retroactively to resuscitate stale claims, weighing against retroactive application of statute; statute did not include the past tense, which could support a backward-looking application of the statute, did not state whether it applied to a cause of action that already accrued before its effective date, was given immediate effect without further elaboration, and lacked language explicitly supporting an intent to revive an expired limitations period, legislature signaled intent that neighboring section apply retroactively, and legislative history did not evince an intent for statute to apply retroactively. Mich. Comp. Laws Ann. § 600.5851(b)(1)(b).

2 Cases that cite this headnote

[20] Statutes ⚷ Language and Intent; Express Provisions

**Statutes** ⚭ Presumptions and inferences

Courts presume prospective intent unless rebutted by clear intent for retroactive application, not the other way around.

1 Case that cites this headnote

[21] **Statutes** ⚭ Plain, literal, or clear meaning; ambiguity

Courts may examine the legislative history to assist in uncovering ambiguous statutory meaning.

[22] **Limitation of Actions** ⚭ Retroactive Operation

Principle that a statute was not regarded as operating retroactively merely because it related to an antecedent event did not apply to statute creating a discovery rule for commencement of limitations period for civil claims of sexual abuse of a minor, enacted after expiration of limitations period for minor's negligence claims against priest, diocese, and archdiocese; discovery rule did not refer to an antecedent event that occurred before enactment. Mich. Comp. Laws Ann. § 600.5851(b)(1)(b).

[23] **Statutes** ⚭ Nature and definition of retroactive statute

Merely because some of the requisites for a statute's application are drawn from a time antedating its passage does not constitute a law retrospective.

[24] **Limitation of Actions** ⚭ Retroactive Operation

Lapsed statute of limitations does not fall into remedial-procedural exception to prospective application of a statute because substantive rights are affected when causes of action can be lost as a result of becoming time-barred, and thus factor providing that a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute did not apply when determining whether statute creating a discovery rule for measuring accrual date for limitations period for claims of minor victims of criminal sexual assault applied retroactively. Mich. Comp. Laws Ann. § 600.5851(b)(1)(b).

BEFORE THE ENTIRE BENCH

**OPINION**

Cavanagh, J.

*1 This case concerns the effect of MCL 600.5851b(1)(b) on the accrual date for civil claims based on allegations of criminal sexual conduct against minors. MCL 600.5851b was enacted in 2018, in the wake of the Larry Nassar criminal sexual conduct convictions, to specifically address the circumstances under which individuals who are or were victims of criminal sexual conduct may sue for damages. While Subsection (1)(b) creates a discovery rule for tolling the accrual date of future claims, we hold that it does not apply retroactively to resuscitate lapsed claims premised on past acts of criminal sexual conduct. Because plaintiff's complaint alleges damages caused by sexual abuse that occurred nearly 30 years ago, it is untimely. Accordingly, we affirm the judgment of the Court of Appeals on different grounds.

I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Brian McLain, brought this negligence suit against defendants, the Roman Catholic Diocese of Lansing (the Diocese), the Roman Catholic Archdiocese of Baltimore (the Archdiocese), and Father Richard Lobert (Lobert), in 2021. We treat the allegations of the complaint as true for purposes of MCR 2.116(C)(7) review. In 1999, more than 20 years before he filed suit, plaintiff was a minor residing at W. J. Maxey Boys Training School in Livingston County, and Lobert was a priest defendants employed to regularly visit the school to provide religious services and counseling to the school's residents. Over the course of a year, Lobert isolated plaintiff so that the two would be alone and coerced him into "perform[ing] masturbatory acts upon" Lobert that plaintiff "felt powerless to refuse to perform."

**\*2** During psychological treatment for an anxiety disorder many years later in November 2020, plaintiff disclosed Lobert's abuse to his therapist. Through subsequent therapy, plaintiff realized that the sexual abuse was a cause or aggravating factor in his history of adjustment disorder, anxiety, bipolar disorder, and medication dependency. In other words, it was not until 2020 that plaintiff discovered— nor, he alleges, through the exercise of reasonable diligence should he have discovered—that his psychological injuries were causally connected to the criminal sexual conduct that Lobert perpetrated in 1999.

Plaintiff filed suit on April 6, 2021, seeking damages on the basis of Lobert's sexual assaults and the failure of the Diocese and the Archdiocese to (1) supervise and monitor Lobert to prevent him from abusing plaintiff and (2) to adopt and enforce policies prohibiting unsupervised one-on-one meetings between clergy and minors. Defendants moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claims were time-barred by the applicable three-year statute of limitations. More specifically, defendants asserted that the cause of action accrued in 1999 and that plaintiff had until 2002 to sue.[1] Further, defendants argued that the newly enacted statute, MCL 600.5851b, concerning claims brought by minor victims of criminal sexual conduct, did not apply retroactively to salvage plaintiff's claims. Plaintiff countered that MCL 600.5851b(1)(b) saved the claim because it was timely filed within three years after discovery of the causal link between plaintiff's injuries and Lobert's criminal sexual conduct. Plaintiff argued that he did not seek retroactive application of Subsection (1)(b) because he did not discover the connection between the injuries and abuse until after the statute's enactment. After a hearing, the trial court denied the motions for summary disposition, agreeing with plaintiff that the action was timely filed within three years of plaintiff's discovery of the causal connection between the sexual abuse and his injuries under MCL 600.5851b(1)(b). The trial court adopted plaintiff's view that Subsection (1)(b) changed the accrual date for an individual who, while a minor, later discovers the causal connection between previous criminal sexual conduct and their injuries, and that retroactivity of the statute was not at issue.[2]

Defendants filed applications for leave to appeal in the Court of Appeals, and that Court granted leave.[3] The Court of Appeals reversed the trial court's conclusion that the complaint was timely filed and remanded the case for entry of summary disposition in defendants' favor. *McLain v Roman Catholic Diocese of Lansing*, ―― Mich App ――, ――; ―― N.W.3d ――, 2023 WL 3131974 (2023) (Docket Nos. 360163 and 360173); slip op. at 9. The Court of Appeals concluded that MCL 600.5851b(1)(b) did not change the accrual date for a claim and that the three-year statute of limitations for plaintiff's claim had already expired. *Id.* at ――, ―― N.W.3d ―― slip op. at 5. Further, the Court of Appeals concluded that MCL 600.5851b does not apply retroactively to revive plaintiff's claim. *Id.* at ――, ―― N.W.3d ―― slip op. at 9.[4]

**\*3** Plaintiff sought leave to appeal in the Supreme Court. We granted plaintiff's application and directed the parties to brief "whether: (1) the three-year period to commence an action set forth in MCL 600.5851b(1)(b) renders the plaintiff's lawsuit timely due to his alleged recent discovery of the causal relationship between his purported injuries and the alleged criminal sexual conduct, and if not, (2) under an analysis of the factors set forth in *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich. 26, 38-39[, 852 N.W.2d 78] (2014), MCL 600.5851b(1)(b) applies retroactively to the time of the wrong such that the plaintiff's claims were timely filed." *McLain v Roman Catholic Diocese of Lansing*, 512 Mich. 960, 960-961, 995 N.W.2d 130 (2023).[5]

II. STANDARD OF REVIEW

 **[1]**  **[2]**  **[3]** Defendants moved for summary disposition under MCR 2.116(C)(7), which allows for "dismissal of the action" because of "immunity granted by law" or "statute of limitations," among other grounds. We review de novo a trial court's decision on a motion for summary disposition. *Sunrise Resort Ass'n, Inc v Cheboygan Co. Rd. Comm.*, 511 Mich. 325, 333, 999 N.W.2d 423 (2023). When a defendant brings a motion for summary disposition under MCR 2.116(C)(7), we accept the allegations in the complaint as true unless contradicted by documentation that they have submitted. *Id.* We also review de novo questions of statutory interpretation. *Miller v Dep't of Corrections*, ―― Mich ――, ――; ―― N.W.3d ――, 2024 WL 2109772 (2024) (Docket No. 164862); slip op. at 5.

## III. ANALYSIS

**\*4** This case concerns the interpretation of MCL 600.5851b(1)(b) and whether a minor who was sexually abused prior to the statute's enactment can timely file their claim if they did not discover the connection between the abuse and their injuries until *after* the statute was enacted. In addition, we must determine whether the statute applies retroactively to revive expired claims. To answer these questions, we begin by examining the text of MCL 600.5851b, enacted in June 2018, which provides:

(1) Notwithstanding sections 5805 [6] and 5851, [7] an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:

**\*5** (a) The individual reaches the age of 28 years.

(b) *Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.*

(2) For purposes of subsection (1), it is not necessary that a criminal prosecution or other proceeding have been brought as a result of the conduct or, if a criminal prosecution or other proceeding was brought, that the prosecution or proceeding resulted in a conviction or adjudication.

(3) Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages sustained because of the criminal sexual conduct within 90 days after the effective date of the amendatory act that added this section if the person alleged to have committed the criminal sexual conduct was convicted of criminal sexual conduct against any person under section 520b of the Michigan penal code, 1931 PA 328, MCL 750.520b, and the defendant admitted either of the following:

**\*6** (a) That the defendant was in a position of authority over the victim as the victim's physician and used that authority to coerce the victim to submit.

(b) That the defendant engaged in purported medical treatment or examination of the victim in a manner that is, or for purposes that are, medically recognized as unethical or unacceptable.

(4) This section does not limit an individual's right to bring an action under section 5851.

(5) As used in this section:

(a) "Adjudication" means that term as defined in section 5805.

(b) "Criminal sexual conduct" means that term as defined in section 5805. [Emphasis added.]

In 1999, as now, there was a three-year statute of limitations for injuries to a person. MCL 600.5805(8), as amended by 1988 PA 115 (now MCL 600.5805(2)). Before the enactment of MCL 600.5805(6) and MCL 600.5851b in 2018, the three-year statute of limitations applied to all claims premised on sexual abuse. [8] Historically, a civil claim based on criminal sexual conduct of a minor accrued when the conduct occurred. See *Lemmerman v Fealk*, 449 Mich. 56, 64, 534 N.W.2d 695 (1995); MCL 600.5827. The questions in this case are whether MCL 600.5851b changes the accrual inquiry and, if so, whether that change applies to claims that already accrued and for which the statute of limitations expired before the statute's enactment.

### A. CLAIM ACCRUAL

**\*7** **[4]** Our first question is whether the Legislature intended that MCL 600.5851b(1)(b) operate as a discovery rule to toll the accrual date for claims premised on criminal sexual conduct against minors. A claim's accrual date is the anchor point from which the statute of limitations is measured. The general accrual statute, MCL 600.5827, states that for civil actions,

[e]xcept as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in [MCL 600.5829 to MCL 600.5838], and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

**[5]** This Court has explained that "the date of the 'wrong' referred to in MCL 600.5827 is 'the date on which the defendant's breach harmed the plaintiff, as opposed to the date on which defendant breached his duty.' " *Frank v Linkner*, 500 Mich. 133, 150, 894 N.W.2d 574 (2017), quoting *Moll v Abbott Laboratories*, 444 Mich. 1, 12, 506 N.W.2d 816 (1993). "Additional damages resulting from the same harm do not reset the accrual date or give rise to a new cause of action." *Frank*, 500 Mich. at 155, 894 N.W.2d 574.

**[6] [7]** Under the common law, courts would sometimes apply a discovery-based analysis for accrual, holding that a claim did not accrue until the plaintiff knew, or objectively should have known, that they had a cause of action and could allege it in a proper complaint. See *Moll*, 444 Mich. at 16-17, 506 N.W.2d 816. In *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich. 378, 738 N.W.2d 664 (2007), this Court rejected the use of the common-law discovery rule to toll accrual in a wrongful-death action because doing so ran contrary to the plain language of MCL 600.5827. *Trentadue* put an end to courts employing extra-statutory discovery rules to toll accrual dates, overruling *Johnson v Caldwell*, 371 Mich. 368, 123 N.W.2d 785 (1963), and its progeny. *Trentadue*, 479 Mich. at 393, 738 N.W.2d 664. In doing so, we recognized that the "Legislature has comprehensively established the circumstances under which the [discovery] rule should be applied and has, in the process, rendered use of the rule more uniform and predictable for plaintiffs, defendants and courts alike." *Id.* at 394, 738 N.W.2d 664. This Court also observed that statutory discovery rules, such as MCL 600.5855 concerning fraudulently concealed claims, "exclusively authorize discovery-based tolling under certain circumstances." *Id.* at 398, 738 N.W.2d 664 (punctuation omitted). In other words, the discovery rule no longer applies to claims subject to the general accrual statute or to other accrual statutes that do not include this concept. See *id.* at 391-392, 738 N.W.2d 664. However, the Legislature can and does codify the discovery rule for certain types of claims. [9]

**\*8** The Court of Appeals here determined, and the dissent agrees, that MCL 600.5851b(1)(b) is not a discovery rule and "does not change the date of accrual for a claim to recover damages sustained by an individual who, while a minor, was the victim of criminal sexual conduct." *McLain*, ––– Mich App at ––––, ––– N.W.3d ––– slip op. at 5. "Rather, MCL 600.5851b(1)(b) simply extends the time that an individual has to bring such a claim, i.e., it extends the statute of limitations." *Id.* We disagree.

Whether MCL 600.5851b(1)(b) is characterized as a tolling of the general accrual rule or an extension of or exception to the statute of limitations is largely a matter of semantics. [10] *Black's Law Dictionary* (11th ed.) defines "accrual rule" as "[a] doctrine delaying the existence of a claim until the plaintiff has discovered it." "Statute of limitations" is defined as "[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Id.* Finally, "discovery rule" is defined as "[t]he rule that a limitations period does not begin to run until the plaintiff discovers (or reasonably should have discovered) the injury giving rise to the claim." *Id.* A statute that states that a particular cause of action can be brought within a certain amount of time (i.e., three years) following the discovery of a particular condition (i.e., the injury and the causal relationship between the injury and criminal sexual conduct) has the practical effect of extending the statute of limitations because it changes or tolls the starting point from which the statute of limitations is calculated—i.e., the accrual date.

MCL 600.5851b(1) is a hybrid. Subsection (1)(a) is a straightforward extension of the statute of limitations because it extends the time for a minor to file an action from until at least age 19 (i.e., one year after the disability of minority is removed, MCL 600.5851) to age 28. [11] Subsection (1)

(b), however, is an unmistakable statutory codification of a discovery rule. It does not simply extend the statute of limitations an additional three years. Rather, it changes the date from which the three-year period begins to run. In other words, it tolls the accrual date.

**\*9** **[8]** **[9]** While the default point for measuring the limitations period is when the harm is perpetrated, the Legislature may "expressly" provide otherwise. MCL 600.5827. Under a discovery-based analysis, a claim does not accrue until a plaintiff knows, or objectively should know, that they have a cause of action and can allege it in a proper complaint. *Moll*, 444 Mich. at 16-17, 506 N.W.2d 816. That is exactly what Subsection (1)(b) does: it provides that the claim accrues when the plaintiff "discovers, or through the exercise of reasonable diligence should have discovered," both the individual's injury and the causal relationship between the injury and the criminal sexual conduct. The date of the offense does not control when the claim accrues. Instead, the statute provides a different event—when the victim discovers or through the exercise of reasonable diligence should have discovered the causal connection—from which to anchor measuring the limitations period.[12] Subsection (1)(b) adjusts the accrual date when the injury and its connection to the criminal sexual conduct are not discovered until after such a claim would accrue under the general accrual statute.[13]

In sum, the Legislature enacted a discovery rule, as it is expressly permitted to do. See *Trentadue*, 479 Mich. at 391-392, 738 N.W.2d 664; MCL 600.5827 ("Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time [one of two conditions is present]."). Reading the statute in its entirety, it is clear that the Legislature intended to allow minor victims of criminal sexual conduct to bring a cause of action *either* by the time they turn 28 (an extension of the otherwise applicable statute of limitations) *or* within three years of when they discovered, or through the exercise of reasonable diligence should have discovered, their injuries and the causal relationship between their injuries and the criminal sexual conduct (discovery rule-based accrual), whichever is later.

**\*10** **[10]** The Court of Appeals also erred in reasoning that Subsection (1)(b) does not change the accrual date because the statute does not explicitly say that it changes the general rule for when a claim accrues. *McLain*, ––– Mich App at –––, ––– N.W.3d ––– slip op. at 5. As we implicitly recognized in *Trentadue*, explicit reference to MCL 600.5827 or to accrual is unnecessary for a statute to "expressly" provide a different accrual method than that in MCL 600.5827, so long as the words the Legislature employed evidence that the statute is intended to function as a discovery rule. See *Trentadue*, 479 Mich. at 388, 738 N.W.2d 664. Indeed, in almost every other instance where the Legislature has enacted a discovery rule, it has done so without specifically referring to the general claim accrual statute.[14]

For example, the language in MCL 600.5851b(1)(b) is virtually indistinguishable from the codification of a discovery rule in MCL 600.5855, concerning fraudulent concealment. That statute also begins with a reference to the action being commenced "at any time" within a specified period. See MCL 600.5855 ("[T]he action may be commenced at any time within [the specified period] ...."). It then provides a discovery rule for accrual, e.g., "within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations." MCL 600.5855. Here, the statute provides for "[t]hree years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct." MCL 600.5851b(1)(b). Similarly to providing that "although the action would otherwise be barred by the period of limitations," as in MCL 600.5855, MCL 600.5851b(1) provides, "[n]otwithstanding sections 5805 [three-year statute of limitations for personal injury] and 5851 [grace period for removal of disability] ...."[15] The Court of Appeals and the Diocese have pointed to *Lemmerman*, 449 Mich. at 63-65, 534 N.W.2d 695, a pair of pre-*Trentadue* "repressed memory" sexual abuse cases, for the proposition that a claim accrues at the time the wrong occurred regardless of when the injuries resulted. In *Lemmerman*, the statutory period of limitations had already run on the plaintiffs' tort claims premised on sexual assaults that occurred when they were children. *Id.* at 60, 534 N.W.2d 695. This Court declined to apply the common-law discovery rule to determine when tort claims accrued for purposes of the running of the three-year statute of limitations.[16] *Id.* at 74-76, 534 N.W.2d 695. That is, we rejected the plaintiffs'

argument that their claims accrued when they discovered formerly repressed memories of abuse. *Id.* Because we are currently examining whether the statute itself changes the accrual date, *Lemmerman* does not control that portion of the analysis. Instead, *Lemmerman* addressed this issue under the general rule that a claim accrues when the act occurred, regardless of when the harm was discovered. See MCL 600.5827.[17] Under MCL 600.5851b(1)(b), the limitations period for individuals who were victims of criminal sexual conduct as minors and are over the age of 28 runs from the point at which they discover (or should have reasonably discovered) both their injuries and the causal connection to the sexual abuse. The "repressed memory"-type cases at issue in *Lemmerman* clearly fall within the ambit of conduct for which the Legislature intended to change the accrual date. In sum, it is clear from the statute's plain language that the Legislature intended that MCL 600.5851b(1)(b) operate as a discovery rule and thus toll the accrual date for minor victims of criminal sexual conduct who elect to sue under that subdivision.

### B. RETROACTIVITY

**\*11** [11] [12] While the statute plainly changes the accrual date for minor victims of criminal sexual conduct, the question remains whether this statutory discovery rule, enacted in 2018, applies to plaintiff's claims in this case, given that the claims accrued and the statute of limitations had already expired under the relevant statutes that were previously in effect. For purposes of MCR 2.116(C)(7) review, we accept as true the allegation that in 1999, Lobert perpetrated criminal sexual conduct that gave rise to duties owed by the defendants to plaintiff. At that time, Lobert's actions as described in the complaint comprised actionable criminal sexual conduct that could support a civil suit against him and his employers. MCL 750.520b through MCL 750.520g; see also *Lemmerman*, 449 Mich. at 60, 534 N.W.2d 695 (concerning tort actions premised on sexual abuse). Stated differently, the addition of MCL 600.5851b(1)(b) did not create a new cause of action—the conduct was already actionable. In 1999, our laws provided that when a claim was based on a sexual assault, the claim accrued at the time of the sexual assault, and subsequent damage arising after the initial assaults would not give rise to a new cause of action or renew the running of the limitations period. *Lemmerman*, 449 Mich. at 64, 534 N.W.2d 695. Accordingly, plaintiff's claim accrued in 1999 and was subject to a three-year statute of limitations period, former MCL 600.5805(8) (now MCL 600.5805(2)), which could be extended, under MCL 600.5851, one year after plaintiff became an adult. Therefore, the statute of limitations has long since passed and bars plaintiff's claim unless MCL 600.5851b(1)(b) applies retroactively.[18]

[13] [14] [15] [16] [17] [18] Statutes are intended to apply prospectively absent clear legislative intent to the contrary. See *Buhl v Oak Park*, 507 Mich. 236, 251, 968 N.W.2d 348 (2021). "In determining whether a statute should be applied retroactively or prospectively only, '[t]he primary and overriding rule is that legislative intent governs.' " *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich. 578, 583, 624 N.W.2d 180 (2001) (citation omitted). We most recently examined the retroactivity of a statute in *Andary v USAA Cas. Ins. Co.*, 512 Mich. 207, 246-247, 1 N.W.3d 186 (2023), where we stated:

> We recently reaffirmed in *Buhl*, 507 Mich. at 244, 968 N.W.2d 348, that *LaFontaine* sets forth our legal framework for determining whether a modified statute applies retroactively:
>
>> Retroactive application of legislation " 'presents problems of unfairness ... because it can deprive citizens of legitimate expectations and upset settled transactions.' " We have therefore required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect. In determining whether a law has retroactive effect, we keep four principles in mind. First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*LaFontaine*, 496 Mich. at 38-39 [852 N.W.2d 78] (citations omitted).]

[19] Under a *LaFontaine* analysis, the first question to consider is whether the Legislature employed language specifically providing for retroactive application. *Id.* We agree with the Court of Appeals that "[n]othing in the plain language of MCL 600.5851(b)(1)(b) suggests that it was intended to apply retroactively." *McLain,* ––– Mich App at ––––, ––– N.W.3d –––– slip op. at 6. Subsection (1)(b) may be invoked by "an individual who, while a minor, *is* the victim of criminal sexual conduct ...." (Emphasis added.) The use of the present-tense term "is" suggests prospective-only application. The statute does not include the past tense "was," which could support a backward-looking application of the statute. See *People v Russo*, 439 Mich. 584, 596-597, 487 N.W.2d 698 (1992) (stating that the statute's reference to a victim who "was" under 18 years old at the time of the offense supported retroactive application of the limitations period to previously committed crimes). Importantly, the statute does not state whether it applies to a cause of action that already accrued before its effective date. See *Buhl,* 507 Mich. at 245, 968 N.W.2d 348. And the statute was given immediate effect without further elaboration in Subsection (1)(b); that is, Subsection (1)(b) lacks language explicitly supporting an intent to revive an expired limitations period. See *id.*

 **\*12** There can be no doubt that, had the Legislature intended for Subsection (1)(b) to apply retroactively, it knew how to employ language to implement that intent. In MCL 600.5851b(3), concerning sexual abuse by medical providers, the Legislature used the term "was" when referring to victims and explicitly referred to causes of actions that have already accrued and for which the statute of limitations has expired. MCL 600.5851b(3) ("Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages ...."). The inclusion of this language in Subsection (3), and its absence in Subsection (1)(b), begs the question as to why the Legislature would covertly accomplish its intent for Subsection (1)(b) to apply retroactively where it has spoken its intent as to the retroactive application of Subsection (3) with crystal clarity. In sum, the Legislature clearly knows how to signal its intent that a statute apply retroactively, and it did so in Subsection (3), but not in Subsection (1)(b). See *Buhl,* 507 Mich. at 245, 968 N.W.2d 348.

Plaintiff highlights the language "at any time" in Subsection (1) and "after the date" in Subsection (1)(b) as implying retroactive intent. See *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 156 n 1, 725 N.W.2d 56 (2006) ("The Legislature's intent to apply an amended statute retroactively can be express or *implied.*"), citing *Thompson v Merritt,* 192 Mich App 412, 417, 481 N.W.2d 735 (1991) (emphasis added). Plaintiff argues that the statute applies without limitation "at any time" whether (a) or (b) is true (i.e., whichever is later). However, this theory of implied construction asks the phrases "at any time" and "after the date" to do too much. When viewed in conjunction with the inclusion of the present-tense phrase "is a victim" and the absence of language referring to causes of action that already accrued before the statute's effective date, see *Buhl,* 507 Mich. at 245, 968 N.W.2d 348, we decline to read the statute as reviving an expired limitations period.

[20] [21] Further, plaintiff argues that Subsection (1) lacks temporal restrictions except those related to the person's age and when the causal connection between the injury and assault was made. But the absence of language is not the same as "specific language" evincing retroactive intent. See *LaFontaine,* 496 Mich. at 38, 852 N.W.2d 78. We presume prospective intent unless rebutted by clear intent for retroactive application, not the other way around. See *Buhl,* 507 Mich. at 244, 968 N.W.2d 348. Finally, plaintiff argues that the Legislature could have specified that the date of the sexual assault controlled the application of MCL 600.5851b, but it did not, and plaintiff points to the use of the language "[n]otwithstanding sections 5805 and 5851" as indicating retroactive intent. See *LaFontaine,* 496 Mich. at 40 n 30, 852 N.W.2d 78. While we agree that these observations evidence the Legislature's intent to create a discovery rule for accrual of claims, they do not indicate an intent for the statute to retroactively revive already-expired claims or undermine our earlier analysis concluding that the plain language of the statute does not support retroactive application.[19]

 **\*13** [22] [23] Turning to the second *LaFontaine* principle, "in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event," *LaFontaine,* 496 Mich. at 38-39, 852 N.W.2d 78

(citations omitted), meaning that " '[m]erely because some of the requisites for its application are drawn from a time antedating its passage does not constitute a law retrospective,' " *Andary*, 512 Mich. at 250-251, 1 N.W.3d 186, quoting *Hughes v Judges' Retirement Bd*, 407 Mich. 75, 86, 282 N.W.2d 160 (1979). Cases analyzing this factor have involved, for example, "measuring the amount of a judicial pension not only by years served subsequent to enactment but also by years served under a previous act, *Hughes*, [407 Mich. 75, 282 N.W.2d 160,] and measuring the amount of highway entitlement not only by expenditures subsequent to enactment but also by expenditures under a previous act. *Clearwater Twp. v Kalkaska County Supervisors*, 187 Mich. 516, 153 N.W. 824 (1915)." *In re Certified Questions*, 416 Mich. 558, 571, 331 N.W.2d 456 (1982). We agree with the Court of Appeals that this factor does not apply because Subsection (1)(b) does not " 'relate to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute ....' " *McLain*, ––– Mich App at ––––, ––– N.W.3d ––– slip op. at 8, quoting *In re Certified Questions*, 416 Mich. at 571, 331 N.W.2d 456. Moreover, Subsection (1)(b) does not refer to an antecedent event that occurred before the statute's passage, such as by relying on or referring to a previous statutory period of limitations. See MCL 600.5851b(3) (applying to suits premised on criminal sexual conduct that occurred "after December 31, 1996").

The third *LaFontaine* principle "emphasizes this Court's general disdain for retrospective laws because they can 'impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past.' " *Andary*, 512 Mich. at 252, 1 N.W.3d 186, quoting *LaFontaine*, 496 Mich. at 39, 852 N.W.2d 78. For our purposes, we must consider whether vested rights are impaired by retroactive application of the statute. *Andary*, 512 Mich. at 252, 1 N.W.3d 186. That is, we must consider whether defendants have a vested right in not being sued for criminal sexual conduct committed in the past for which the statute of limitations has already expired.

The caselaw displays conflicting authority. In *Pryber v Marriott Corp*, 98 Mich App 50, 57, 296 N.W.2d 597 (1980), aff'd 411 Mich. 887, 307 N.W.2d 333 (1981), the Court stated that under both the federal and state Constitutions, "[t]he right to defeat a claim by interposing a statute of limitations is not a vested right. The right to defeat a claim by the interposition of a statute of limitations is a right which may be removed by the Legislature." See also *Bessmertnaja v Schwager*, 191 Mich App 151, 154, 477 N.W.2d 126 (1991). But elsewhere, this Court has stated that " '[t]here is no vested right in the running of the statute of limitations unless it has completely run and barred the action, so that as to existing causes of action which are not barred, the statute may be amended.' " *In re Straight's Estate*, 329 Mich. 319, 325, 45 N.W.2d 300 (1951), quoting 34 Am Jur, Limitation of Actions, § 33, p. 37; see also *Russo*, 439 Mich. at 594, 487 N.W.2d 698. Like the Court of Appeals, we decline to resolve this contradictory caselaw because this principle is not dispositive when the statute does not clearly demonstrate retroactive intent under the first *LaFontaine* inquiry. *McLain*, ––– Mich App at ––––, ––– N.W.3d ––– slip op. at 8.

[24] The final *LaFontaine* principle states that "a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute." *LaFontaine*, 496 Mich. at 39, 852 N.W.2d 78. We agree with the Court of Appeals that regardless of whether this case involves a vested right, a statute of limitations that has lapsed does not fall into the " 'remedial-procedural exception to prospective application' " because substantive rights are affected when causes of action can be lost as a result of becoming time-barred. *McLain*, ––– Mich App at ––––, ––– N.W.3d ––– slip op. at 9, quoting *Davis*, 272 Mich App at 160-162, 725 N.W.2d 56. Accordingly, this consideration does not apply.

In sum, evaluation of the *LaFontaine* considerations does not support retroactive application of Subsection (1)(b). The plain language of the statute does not clearly indicate that the discovery rule accrual method described in Subsection (1)(b) should apply retroactively to resuscitate stale claims. In stark contrast, neighboring Subsection (3) sets forth retroactive intent in pellucid terms. The second and fourth *LaFontaine* factors do not apply, and we decline to determine whether the statute would impair a vested right under the third factor when the statutory text is dispositive. Therefore, we agree with the Court of Appeals that plaintiff's claim is untimely.

IV. CONCLUSION

**\*14** We hold that MCL 600.5851b(1)(b) creates a discovery rule for measuring the accrual date for the

limitations period for claims of criminal sexual conduct occurring after its passage. Further, we hold that the discovery rule in MCL 600.5851b(1)(b) does not apply retroactively to revive limitations periods that have already expired. Because plaintiff's negligence claim would require retroactive application of MCL 600.5851b(1)(b) and is therefore barred by the statute of limitations, we affirm the judgment of the Court of Appeals, which remanded the case for entry of summary disposition to the Diocese.

Richard H. Bernstein, Elizabeth M. Welch, Kyra H. Bolden, JJ., concur.

Zahra, J. (concurring in part and dissenting in part).
I dissent from Part III(A) of the majority opinion because I disagree with the opinion's characterization of MCL 600.5851b as creating a discovery rule for measuring the accrual date of the limitations period for claims of criminal sexual conduct. Instead, the plain language of MCL 600.5851b(1)(b) makes clear that it merely creates an extended statute of limitations for those who were sexually abused as minors. But I agree with the majority opinion's conclusion in Part III(B) that MCL 600.5851b(1)(b) does not apply retroactively to resuscitate lapsed claims. Consequently, I concur with the majority opinion's holding that plaintiff's claim, which arises from alleged sexual abuse that occurred more than 20 years ago, is untimely. The majority opinion appropriately affirms the judgment of the Court of Appeals.

I. ANALYSIS

Enacted in 2018, MCL 600.5851b states, in relevant part, as follows:

> (1) Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct [1] at any time before whichever of the following is later:
>
> (a) The individual reaches the age of 28 years.

> (b) Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.

The accrual statute, MCL 600.5827, states as follows:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

Under MCL 600.5827, unless expressly provided, a limitations period begins to run when the claim accrues. The claim accrues either (1) at the time provided in MCL 600.5829 through MCL 600.5838 or (2) "at the time the wrong upon which the claim is based was done regardless of the time when damage results." The negligence claim against defendant does not fall under MCL 600.5829 through MCL 600.5838. Therefore, plaintiff's claim against defendant accrued "at the time the wrong upon which the claim is based was done regardless of the time when damage results." [2] Accordingly, under MCL 600.5827, plaintiff's claim accrued in 1999, when the individual defendant allegedly abused plaintiff. [3]

*15 Because plaintiff's claim accrued in 1999, the limitations period began to run in 1999 unless "otherwise expressly provided ...." [4] The then-governing limitations period for injury to a person was three years. [5] Because plaintiff alleges that he was younger than 18 years old when the abuse occurred, he had an extra "year of grace" beyond the limitations period in which to bring his claim. [6] But even considering this year of grace, plaintiff's claim for injury to his person would have expired sometime in 2003, a total of four years after plaintiff's claim accrued.

Instead of engaging in this straightforward application of MCL 600.5827, the majority opinion concludes that MCL

600.5851b(1)(b) creates a discovery rule that "adjusts the accrual date when the injury and its connection to the criminal sexual conduct are not discovered until after such a claim would accrue under the general accrual statute." I disagree.

MCL 600.5851b(1)(b) does not affect the date on which a claim accrues. Instead, it provides an extended *statute of limitations* for civil claims by victims who suffered criminal sexual abuse as minors. The extended statute of limitations would apply here if plaintiff's claim accrued after MCL 600.5851b(1) came into effect.[7] But plaintiff's claim arose and then expired many years before the passage of MCL 600.5851b(1).

The majority opinion says that "[w]hether MCL 600.5851b(1)(b) is characterized as a tolling of the general accrual rule or an extension of or exception to the statute of limitations is largely a matter of semantics" before concluding that the provision "tolls the accrual date." But this Court is obligated to analyze the plain language of MCL 600.5851b(1) to ascertain how that provision actually functions, regardless of whether the effect may be similar in practice.[8] Accrual rules and exceptions to the statute of limitations are distinct legal concepts that should not be conflated in our jurisprudence. And the majority opinion does not point to language in MCL 600.5851b(1) that would alter the MCL 600.5827 general rule of accrual.[9] Nor does the majority opinion identify any language in the statute that creates a new cause of action.

MCL 600.5851b(1) begins: "Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later ...." The introductory phrase "[n]otwithstanding sections 5805 and 5851" puts MCL 600.5851b(1) in context. MCL 600.5805 establishes limitations periods for injuries to persons and property, and MCL 600.5851 allows extra time to be tacked to limitations periods for claims that accrued when a plaintiff was unable to bring a claim because of infancy or insanity. Accordingly, MCL 600.5851b(1), from its start, is framed as a provision addressing limitations periods—specifically, as an exception to the general statutes of limitations.

**\*16** The next portion of MCL 600.5851b(1) explains that a certain category of plaintiffs "may commence an action" within a certain time frame. Actions "to recover damages sustained because of ... criminal sexual conduct" already exist, and MCL 600.5851b(1) contains no language suggesting the creation of an independent basis to bring suit. Nor does it address when a claim accrues or when the limitations period begins. It focuses solely on when the period of limitations *ends*.[10]

Continuing, as signaled by the subsection's lead-in language, "at any time before whichever of the following is later," Subdivisions (a) and (b) offer alternative ways to calculate the end of the limitations period. MCL 600.5851b(1)(a) provides the time when "[t]he individual reaches the age of 28 years" as one possibility for the endpoint of the limitations period. This subdivision undisputedly does not apply here. Plaintiff instead relies on MCL 600.5851b(1)(b), which states: "Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct." According to plaintiff, he discovered both his injury and the causal relationship between the injury and the criminal sexual conduct in 2020 when his therapist helped him connect his various mental illnesses to the sexual abuse that he allegedly suffered at the hands of the individual defendant. Thus, argues plaintiff, he had three years from that moment —until sometime in 2023—to file his complaint.

But this argument ignores the structure and context of the rest of MCL 600.5851b(1). Again, the introductory sentence of Subsection (1) explains that it is establishing a new limitations period for a category of plaintiffs who suffered sexual abuse as minors. And Subsection (1) cannot itself plausibly be read as creating a new accrual date or a new cause of action. Subdivision (b) does not expand the scope of Subsection (1). Instead, it merely describes one of two alternative endpoints for the limitations period set out in Subsection (1). On its face, Subdivision (b) does not establish an accrual date or create a cause of action. Further, Subdivision (b) does not stand on its own; it is structurally and logically subordinate to Subsection (1). Indeed, Subdivision (b) is not even a complete sentence. It describes a particular point in time, but it includes no substance about the meaning of that point in time; the substance comes from Subsection (1). Thus, when considered

in its proper context, Subdivision (b), just like Subdivision (a), simply establishes a limitations period for plaintiffs who suffered sexual abuse as minors. [11]

The majority opinion says that MCL 600.5851b(1)(b) is "an unmistakable statutory codification of a discovery rule," noting that the Legislature is expressly permitted to enact such rules under *Trentadue v Buckler Automatic Lawn Sprinkler Co*. [12] However, in its analysis, the majority conflates the discovery rule as it relates to an accrual period and the discovery rule as it relates to the tolling of the statutory period of limitations. While both are within the purview of the Legislature, these are two distinct concepts. [13]

*17 The majority cites a number of statutes for the premise that the Legislature has enacted discovery-based accrual provisions without specific reference to the accrual statutes referenced in MCL 600.5827. [14] However, only two of the statutes relate to accrual, [15] and the remaining statutes cited do not provide for discovery-based accrual. Rather, they provide for the discovery-based tolling of the statutory period of limitations—in other words, they do exactly what MCL 600.5851b(1)(b) does. [16]

In sum, the majority opinion fails to support its holding that MCL 600.5851b(1)(b) expressly affords plaintiff a new accrual date or new cause of action, and its characterization of the provision as a discovery accrual rule is contrary to the plain language of the statute. [17] As the Court of Appeals held, "nothing in MCL 600.5851b(1) suggests that it is an exception to the statute governing the general accrual of claims—MCL 600.5827." [18] Under this general rule, plaintiff's claim accrued in 1999 and then expired a few years later—almost two decades before he filed his complaint. Because plaintiff attempts to apply MCL 600.5851b(1) to events that occurred before the statute's enactment, he can succeed only if it applies retroactively. I agree with the majority opinion's conclusion that it does not. The plain language of the statute simply does not clearly indicate that it should be applied retroactively to resuscitate stale claims.

## II. CONCLUSION

*18 In sum, because I disagree with the majority opinion's understanding of MCL 600.5851b(1) as affecting the accrual date for the limitations period for claims of criminal sexual conduct, I dissent from Part III(A) of the majority opinion. I concur with the majority opinion's conclusion in Part III(B) that the statute does not apply retroactively and with the majority opinion's resultant holding that the Court of Appeals correctly held that plaintiff's negligence claim is barred by the statute of limitations.

Elizabeth T. Clement, C.J., David F. Viviano, J., concur and agree.

**All Citations**

--- N.W.3d ----, 2024 WL 3363931

## Footnotes

1     The Diocese argued in appellate briefing that the limitations period expired at the latest in 2003 or 2004, acknowledging that MCL 600.5851 would extend plaintiff's time to file until a year after he reached adulthood. The parties do not dispute that plaintiff was around 16 years old at the time of the abuse.

2     The Archdiocese also moved for summary disposition under MCR 2.116(C)(1) for lack of personal jurisdiction. The trial court denied summary disposition on that basis as well.

3     Defendant Lobert did not file an application for leave to appeal in the Court of Appeals. He is not a party to this appeal.

| | |
|---|---|
| 4 | The Court of Appeals did not decide whether summary disposition was properly denied as to the Archdiocese for lack of personal jurisdiction under MCR 2.116(C)(1) given its conclusion that MCL 600.5851b(1)(b) did not apply retroactively, and the Archdiocese did not file an application to cross-appeal the issue in this Court. |
| 5 | Because the Archdiocese filed a bankruptcy petition, Docket No. 165742 was later administratively closed without prejudice and without a decision on the merits by this Court. *McLain v Roman Catholic Archdiocese of Baltimore*, 996 N.W.2d 488 (2023), quoting 11 USC 362. |
| 6 | MCL 600.5805 addresses limitations periods for tort actions. Through legislation enacted the same day as MCL 600.5851b, the Legislature specified that the limitations period to recover damages sustained because of criminal sexual conduct is 10 years. MCL 600.5805(6). |
| 7 | MCL 600.5851 relevantly provides a one-year grace period extending the period of limitations after removal of a disability such as infancy (person under 18 years old) or insanity. |
| 8 | Plaintiff does not contend that the 10-year limitations period in MCL 600.5805(6) applies to his claim. |
| 9 | As we observed in *Trentadue*, the Legislature has explicitly provided for discovery rules in some contexts. Among them are actions alleging medical malpractice, MCL 600.5838a(2), actions brought against certain defendants alleging injuries from unsafe property, MCL 600.5839(1)(b), and actions alleging fraudulent concealment of the claim or the identity of any person who is liable for the claim, MCL 600.5855. See *Trentadue*, 479 Mich. at 388, 738 N.W.2d 664. |

While the dissent points to our opinion in *Trentadue* as describing these statutes as discovery-based tolling of the statute of limitations rather than tolling accrual, we did not make such a clear distinction between the two:

> MCL 600.5827 explicitly states that a limitations period runs from the time a claim *accrues* "[e]xcept as otherwise expressly provided." Accordingly, the statutes "designate specific limitations and exceptions" for *tolling based on discovery*, as exemplified by MCL 600.5838, 600.5838a, 600.5839, and 600.5855....
>
> * * *
>
> Since the Legislature has exercised its power to establish tolling based on discovery under particular circumstances, but has not provided for a general discovery rule that *tolls or delays the time of accrual* if a plaintiff fails to discover the elements of a cause of action during the limitations period, no such tolling is allowed. Therefore, we conclude that courts may not employ an extrastatutory discovery rule to *toll accrual* in avoidance of the plain language of MCL 600.5827 and we reject this Court's contrary conclusion in *Chase v Sabin*, 445 Mich. 190, 191-192, 516 N.W.2d 60 (1994). Because the statutory scheme here is comprehensive, the Legislature has undertaken the necessary task of balancing plaintiffs' and defendants' interests and has allowed for tolling only where it sees fit. This is a power the Legislature has because such a *statute of limitations* bears a reasonable relationship to the permissible legislative objective of protecting defendants from stale or fraudulent claims. [*Trentadue*, 479 Mich. at 390-392, 738 N.W.2d 664 (citation omitted; emphasis added).]

| | |
|---|---|
| 10 | Compare *Trentadue*, 479 Mich. at 382, 738 N.W.2d 664 (holding that the common-law discovery rule did not extend the three-year statute of limitations for wrongful-death actions), and *Lemmerman*, 449 Mich. at 60, 534 N.W.2d 695 (holding that the discovery rule did not extend the limitations period for negligence actions based on sexual assault), with *Moll*, 444 Mich. at 5, 506 N.W.2d 816 (holding that the common-law discovery rule governs the date of accrual for pharmaceutical products liability cases), *Rotella v Wood*, 528 U.S. 549, 555, 120 S Ct 1075, 145 L Ed 2d 1047 (2000) (characterizing a non-statutory discovery rule as an extension of the traditional federal accrual rule), and *Gabelli v Securities & Exch Comm*, 568 U.S. 442, 449, 133 S Ct 1216, 185 L Ed 2d 297 (2013) ("Under [the discovery rule], accrual is delayed 'until the plaintiff has "discovered" ' his cause of action."). |
| 11 | One year earlier in 2017, the Legislature enacted another statute which similarly extended the statute of limitations to age 28 but did not go further to enact a discovery rule. MCL 600.5851a (regarding actions brought by minor victims of female genital mutilation). |
| 12 | The dissent relies upon the introductory clause of MCL 600.5851b(1) as "focus[ing] solely on when the period of limitations *ends*." But the introductory clause does not suggest a different interpretation of Subsection (1)(b). But for the existence and potential application of MCL 600.5851b, a minor would be constrained to bring their claim within the 10-year limitations period in MCL 600.5805(6) or within one year of the removal of the disability of youth under MCL 600.5851. By enacting MCL 600.5851b, the Legislature provided a third option for minors to bring a timely claim—i.e., the later of either Subsection (1)(a) (by age 28) or Subsection (1)(b) (within three years of discovering both the injury and the causal relationship). The introductory clause signifies that MCL 600.5851b provides an additional avenue for a minor to bring a timely claim; it does not limit the interpretation of Subsection (1)(b) to an extension of the statute of limitations instead of tolling the accrual date. |
| 13 | The dissent claims that our interpretation has created a "confusing state of affairs" regarding when a claim accrues under Subsection (1)(b). We disagree and believe that this theoretical discussion obscures the practical point that a plaintiff may elect which subrule governs their claim. Subsection (1)(b) provides an avenue for timely filing claims in cases of repressed memories or when reaching 28 years old is not a sufficient period of time for a minor to bring a claim. But those are not the only factual circumstances under which a minor might need to bring a claim. The statute is permissive, providing that minor victims of criminal sexual conduct "may commence an action ... at any time before whichever of the following is later"—either when the individual turns 28 or three years after they discover or should have discovered both the injury and the causal nexus between the injury and the criminal sexual conduct. While Subsection (1)(b) provides a discovery rule for accrual, Subsection (1)(a) uses the default accrual rule—the time at which the wrong occurred, i.e., immediately after the assault, *Lemmerman*, 449 Mich. at 64, 534 N.W.2d 695—and extends the limitations period until the victim reaches age 28. |
| 14 | MCL 600.5838a(2) (medical malpractice); MCL 600.5839(1)(b) (injuries from unsafe property brought against certain defendants); MCL 600.5855 (fraudulently concealed claims); MCL 333.26340(3) (Michigan Biologic Products Institute Transfer Act); MCL 450.4515(1)(e) (improper conduct by those in control of a limited liability company); MCL 450.2489 (illegal, fraudulent, or willfully unfair and oppressive conduct by those in control of a nonprofit corporation); MCL 450.1489 (illegal, fraudulent, or willfully unfair and oppressive conduct by those in control of a corporation); MCL 440.2725(2) (contracts for sale in which the warranty extends to future performance). |

| | |
|---|---|
| 15 | While the dissent reads Subsection (1) as limiting Subdivisions (a) and (b) to addressing an exception to the limitations period rather than modifying accrual, the fraudulent concealment statute contains similar language. |
| 16 | The Court also rejected the plaintiffs' argument that the limitations period may be extended by the one-year grace period for removal of the disability of insanity, MCL 600.5851(1). *Lemmerman*, 449 Mich. at 60, 534 N.W.2d 695. |
| 17 | Indeed, this Court observed that "[t]he more appropriate forum for resolution of the question whether persons alleging repression of memory of past assaults should be allowed to pursue claims against their accused attackers is the legislative arena." *Lemmerman*, 449 Mich. at 77, 534 N.W.2d 695. |
| 18 | Plaintiff argues that retroactive application is unnecessary because the statutorily created discovery rule determines the accrual point for the action. While we agree that MCL 600.5851b(1)(b) sets out a prospective discovery rule for accrual, plaintiff's argument is flawed because his claim is expired. This argument is analogous to the unsuccessful argument the *LaFontaine* plaintiff made that retroactivity was not at issue because that plaintiff was invoking the amendment after it became effective. See *LaFontaine*, 496 Mich. at 40-41, 852 N.W.2d 78 (stating that imposing the amendment would "create a new liability in connection with a past transaction") (quotation marks and citation omitted). As discussed earlier, the abuse plaintiff suffered was already actionable, and the statute of limitations to bring suit has long since run. Therefore, retroactive application is required to salvage the claim. |
| 19 | The Diocese also argued that changes made to MCL 600.5851b during the legislative drafting process do not support retroactive intent. Even if we were to conclude that the statutory language is ambiguous as to whether the statute applies retroactively, we would further conclude, as the Court of Appeals did, that the legislative history does not evince an intent for Subsection (1)(b) to apply retroactively. See *McLain*, ––– Mich App at ––––, ––– N.W.3d –––– slip op. at 7. Courts may examine the legislative history to assist in uncovering ambiguous statutory meaning. See *Rouch World, LLC v Dep't of Civil Rights*, 510 Mich. 398, 429, 987 N.W.2d 501 (2022). The initial proposed bill in the Senate would have extended the limitations period to 30 years for all claims premised on sexual assault against minors and further extended the period for an individual who "is the victim" of criminal sexual assault "at any time" before the individual reaches age 48. 2018 SB 872 (February 27, 2018). Notably, the proposed act clearly signified the Legislature's intent to retroactively rekindle stale claims because it "appl[ied] to actions to recover damages for conduct that constitute criminal sexual conduct that occurred after December 31, 1992." *Id.*, enacting § 1. The version amended and passed by the Senate would have broadly resuscitated claims that "accrue[ ] after December 31, 1996," subject to certain limitations on retroactivity. 2018 SB 872 (March 14, 2018). But the House of Representatives later removed the broad resuscitation-of-claims language and limited retroactive application to claims involving abuse by physicians and other medical professionals, as ultimately reflected in the adopted version. 2018 SB 872 (May 24, 2018). That the Legislature considered, but ultimately rejected, proposed language that would have revived expired claims premised on criminal sexual conduct committed against minors, but later narrowed the statute's retroactive effect, weighs against legislative intent for Subsection (1)(b) to apply retroactively. |
| 1 | The statute clarifies that "criminal sexual conduct" for the purpose of MCL 600.5851b(1) does not require a criminal charge to have been brought. MCL 600.5805 provides the limitations periods for injuries to persons. MCL 600.5851 provides that the infancy or insanity of an injured person can toll the limitations period. |

2   MCL 600.5827; see *Sunrise Resort Ass'n, Inc. v Cheboygan Co. Rd. Comm.*, 511 Mich. 325, 336, 999 N.W.2d 423 (2023) (citing MCL 600.5827 as providing the general rule for accrual).

3   MCL 600.5827; see *Lemmerman v Fealk*, 449 Mich. 56, 64, 534 N.W.2d 695 (1995) (observing that a sexual assault inflicts immediate harm).

4   MCL 600.5827.

5   MCL 600.5805(8), as amended by 1988 PA 115, § 2. The general limitations period for injuries to persons is still three years and is currently found at MCL 600.5805(2).

6   See MCL 600.5851(1).

7   The applicable statute of limitations is the one that was effective when the claim accrued. MCL 600.5869; *Rzadkowolski v Pefley*, 237 Mich App 405, 411, 603 N.W.2d 646 (1999).

8   The date a claim accrues and the date on which the statutory limitations period begins to run will often be the same given the default rule that the limitations period begins to run on the date of accrual. MCL 600.5827. But significant practical overlap does not mean that the two are conceptually equivalent.

9   Of course, MCL 600.5851b is not itself an accrual statute because it does not fall within the range of statutes explicitly identified as accrual statutes in MCL 600.5827: "sections 5829 to 5838."

10  See MCL 600.5851b(1) ("[A]n individual ... may commence an action ... at any time before whichever of the following is later ....").

11  The majority opinion acknowledges that Subdivision (a) "is a straightforward extension of the statute of limitations ...." This suggests that Subdivision (b), which says nothing of accrual, likewise pertains to the extension of the statute of limitations only. Subdivision (a), like the remainder of Subsection (1), provides a contextual clue supporting the conclusion that Subdivision (b) is not an accrual provision.

12  *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich. 378, 738 N.W.2d 664 (2007).

13  See, for example, *id.* at 397, 738 N.W.2d 664 (explaining that "particularly in the medical malpractice arena, the Legislature pointedly clarified that a malpractice claim *accrues* regardless of when it is discovered, consistent with the mandate in MCL 600.5827, while also prescribing a tolling period for *commencement* of a suit based on discovery").

14  See note 14 of the majority opinion citing MCL 600.5838a(2), MCL 600.5839(1)(b), MCL 600.5855, MCL 333.26340(3), MCL 450.4515(1)(e), MCL 450.1489, MCL 450.2489 (which shares relevant language with MCL 450.1489), and MCL 440.2725(2).

15  See MCL 333.26340(3) ("A claim subject to this subsection accrues at the time the plaintiff or someone through whom the plaintiff claims discovered or should have discovered through reasonable diligence the existence of the claim or the injury that is the basis for the claim."); MCL 440.2725(2) ("A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warrant explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.").

16    See *Trentadue*, 479 Mich. at 388, 738 N.W.2d 664 ("The Revised Judicature Act, at MCL 600.5838(2), 600.5838a(2), 600.5839(1), and 600.5855, provides for tolling of the period of limitations in certain specified situations."); *Frank v Linkner*, 500 Mich. 133, 142, 894 N.W.2d 574 (2017) (agreeing with the conclusion of the Court of Appeals that "MCL 450.4515(1)(e) contains two alternative statutes of limitations, one predicated upon *discovery* of the cause of action and the other predicated upon *accrual* of the cause of action"); *Estes v Idea Engineering & Fabricating, Inc*, 250 Mich App 270, 284 n 9, 649 N.W.2d 84 (2002) (referencing MCL 450.1489(1)(f) and acknowledging that it "contains an express limitations period for *damage* claims under a cause of action under that section") (quotation marks omitted).

17    The majority opinion cites an example of a statute with "similar" language to MCL 600.5851b(1)(b)—MCL 600.5855—to justify its categorization of the provision as a "discovery rule." While excised portions of MCL 600.5855 read in isolation might appear similar to MCL 600.5851b(1)(b), this provision is textually distinguishable from MCL 600.5851b(1)(b) when considered in its entirety. MCL 600.5855 provides for the tolling of the statutory period of limitations and is structured in an entirely different manner than MCL 600.5851b, providing: "If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations." Accordingly, even if I were to accept the majority opinion's premise that MCL 600.5855 is a statute of accrual, the difference in structure renders it a poor basis upon which to argue that MCL 600.5851b(1)(b) is a discovery-based accrual provision. Further, considering the structure of MCL 600.5851b(1) itself, it makes no sense to read Subdivision (b) as applying to something outside the scope of its lead-in language.

18    *McLain v Roman Catholic Diocese of Lansing*, ––– Mich App ––––, ––––; ––– N.W.3d ––––, 2023 WL 3131974 (2023) (Docket Nos. 360163 and 360173); slip op. at 5. Moreover, if MCL 600.5851b(1)(b) truly does toll the accrual date as the majority opinion claims, it is unclear if a claim of criminal sexual assault brought under that subdivision accrues immediately after the assault occurred. A claim has accrued when it can be alleged in a proper complaint. See *Connelly v Paul Ruddy's Equip. Repair & Serv. Co.*, 388 Mich. 146, 150, 200 N.W.2d 70 (1972) ("In the case of an action for damages arising out of tortious injury to a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint."). We have held that a plaintiff can bring a claim for a sexual assault immediately after the assault occurs, because the sexual assault is itself immediate damage and causes the claim to accrue. See *Lemmerman*, 449 Mich. at 64, 534 N.W.2d 695 ("Such assaults would inflict immediate damage on the children so abused. Subsequent damage arising after the initial assaults would not give rise to a new cause of action or renew the running of the limitation period."). By distinguishing *Lemmerman* and holding that "MCL 600.5851b(1)(b) creates a discovery rule for measuring the accrual date for the limitations period for claims of criminal sexual conduct occurring after its passage," the majority opinion suggests that accrual for claims brought under this subdivision occurs at a later time than immediately after the assault. Under the majority opinion's interpretation, it is unclear whether a claim now no longer accrues at the time of the assault or whether a claim now accrues separately at two different times (at the time of the sexual assault and when it is later discovered), even though only one act underlies the separate accrual dates. This is a confusing

state of affairs, at best, and one that could be avoided by reading the statute according to its plain language to affect only the limitations period.

---

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.