**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

TITUS DEPEAL, An Individual,
     Plaintiff,

vs.

Case No. 2:25−cv−11275
Hon. Thomas L. Ludington

HOLY CROSS CHILDREN'S SERVICES;
HOLY CROSS SERVICES; HOLY CROSS
SERVICES, INC; SAGINAW
INTERMEDIATE SCHOOL DISTRICT;
SAGINAW INTERMEDIATE SCHOOL
DISTRICT BOARD OF EDUCATION; and
JOHN/JANE DOES 1-10, in their official,
Professional, personal and individual capacities,
Jointly and severally,

     Defendant.

---

ELIZABETH K. ABDNOUR (P78203)
Attorney for Plaintiff
325 E. Grand River Ave., Suite 250
East Lansing, MI 48223
(517)994-1776
liz@education-rights.com

DAVID WESLEY CORNISH, ESQ.
Attorney for Plaintiff
230 S. Broad St., 17th Floor
Philadelphia, PA 19102
(888) 313-1385
Dwesley24@gmail.com
*Admission application to be filed

GREGORY W. MAIR (P67465)
KAILEN C. PIPER (P82865)
Attorneys for Defendants Saginaw ISD &
Saginaw ISD Board of Education
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
gmair@owdpc.com
kpiper@owdpc.com
dmcclure@owdpc.com

EVAN A. BURKHOLDER (P67986)
KEVIN T. MACKIN (P83421)
Attorneys for Holy Cross Defendants
21800 Haggerty Rd. Suite 113
Northville, MI 48167
(248) 896-1801 (Telephone)
eburkholder@ohaganmeyer.com
Kmackin@ohagameyer.com

---

**DEFENDANT HOLY CROSS CHILDREN'S SERVICES, HOLY CROSS SERVICES.**
**HOLY CROSS SERVICES, INC.'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

     NOW COMES Defendants, Holy Cross Children's Services, Holy Cross Services, and

Holy Cross Services, Inc., (herein referred to singularly as "Holy Cross"), through their

attorneys, O'Hagan Meyer, PLLC, submit their Answer and Affirmative Defenses to Plaintiff's Complaint as followed:

1.      At all times relevant to this Complaint, Holy Cross operated a residential facility where juveniles were placed by the judicial system or their parents in Saginaw County, Michigan.

**ANSWER: Holy Cross admits they operated several residential facilities in Saginaw County, Michigan in the 2010s – which is the decade the Complaint deems relevant. These residential facilities housed juveniles. These juveniles were placed into the care of Holy Cross by, but not solely by, parents and the Courts.**

2.      Holy Cross has been operation from approximately 1948 and is currently open.

**ANSWER: Boysville of Michigan, Inc. was founded in 1948. In 2021, Boysville of Michigan, Inc. became Holy Cross Services, Inc. The change of name was not the result of the formation of a new entity. Holy Cross f/k/a Boysville of Michigan has operated continuously since 1948.**

3.      Holy Cross was delegated a critical and legislatively mandated public function: (a) to provide a custodial setting for children adjudicated delinquent in juvenile court proceedings. As well as children at risk for delinquency or criminal conduct; (b) to carry out legislatively mandated control and related services; and (c) to provide appropriate sanctions and rehabilitation under the laws governing punishment and treatment of juveniles for criminal acts.

**ANSWER: Holy Cross lacks sufficient knowledge to admit or deny if the language provided in Paragraph 3 is a faithful statutory interpretation of their functions as defined by the State of Michigan and leaves Plaintiff to his strict proofs.**

4.      Upon information and belief, Holy Cross accepted juveniles court-ordered or otherwise placed into their care in Saginaw, Washtenaw, Wayne, and other Michigan Counties, by their respective parents, judges, and/or child protective and care agencies.

**ANSWER: Holy Cross admits the allegations set forth in Paragraph 4.**

5.      Upon information and belief, Holy Cross offered rehabilitation, education, and support services for youth.

**ANSWER: Holy Cross admits that from time to time they offered rehabilitation, education, and support services to persons under the age of eighteen. Holy Cross assumes Plaintiff intended the term "for youth" to refer to minor children. In the event that "for youth" was not intended to refer to minor children, Holy Cross reserves the right to alter their response to Paragraph 5.**

6.       Saginaw Intermediate School District provided educational services at Holy Cross.

**ANSWER: Holy Cross admits that the Saginaw Intermediate School District ("Saginaw ISD") provided educational services to those minor children housed in facilities within the Saginaw ISD's geographic boundaries only.**

7.      Instead of fulfilling its promise and solemn responsibility to protect these vulnerable youth, they were exposed to predators and abusers. Holy Cross failed to enact safety measures and other policies to protect children; failed to adequately screen, hire, train, and supervise staff; and failed to fulfill its duties under state and federal law and as a result of the Defendants' misconduct, Plaintiff was physically and sexually abused.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 7.**

8.      Thus, Holy Cross acted as an arm of the State of Michigan, where it operated, providing a core public function, and was a state governmental actor for 42 U.S.C. § 1983 liability purposes.

**ANSWER: Paragraph 8 is a statement of law not requiring an answer from Holy Cross. To the extent that a further response is required, Holy Cross states that it believes that at all pertinent times, it was in full compliance with Michigan's laws and regulations.**

9.      Holy Cross acted as an arm of the State of Michigan, where it operated, providing a core

public function, acting under the color of law for 42 U.S.C. § 1983 liability purposes.

**ANSWER: Paragraph 9 is a statement of law not requiring an answer from Holy Cross. To the extent that a further response is required, Holy Cross states that it believes that at all pertinent times, it was in full compliance with Michigan's laws and regulations.**

10.     Defendants were bound by the "Balanced and Restorative Justice" (BARJ) philosophy which requires that "youths committing delinquent acts are provided with supervision, care, and rehabilitation (the legal basis for treatment of those adjudicated in the juvenile court system) in a manner that is balanced to include (1) community protection, (2) personal and legal responsibility, and (3) competency development."

**ANSWER: Holy Cross denies that it is "bound" by BARJ. The Balance and Restorative Justice philosophy is just that, a philosophy. It is not legally binding.**

11.     Defendants violated the clearly established federal Constitutional and statutory rights of Plaintiff pursuant to the Fourth, Eighth, and Fourteenth Amendments, and committed tortious conduct under state law, by subjective Plaintiff to harmful and degrading physical, mental, and sexual abuse, including using physical force, and by failing to protect him from harm and injuries at the hands of others.

**ANSWER: Holy Cross denies all allegations as they pertain to alleged "tortious conduct under state law". Holy Cross denies all allegations of physical force, failure to protect Plaintiff from harm, or failing to prevent Plaintiff from suffering injuries at the hands of others. Holy Cross denies they have violated any of the Plaintiff's alleged rights under the Federal Constitution.**

12.     Defendant violated Plaintiff's state and federal Constitutional rights to education opportunities.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 12.**

13.     Defendants caused the injuries and harms to Plaintiff by failing to properly train, supervise, and discipline all the staff members and, as a result, the John/Jane Doe Defendants, as a matter of practice and custom, engaged in the prohibited conduct on a systematic basis with the expectation that their conduct would not be subject to discipline or sanctions.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 13.**

14.     Further, Defendants failed to protect Plaintiff from assaults and abuse by staff and fellow students at Holy Cross.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 14.**

15.     Because of Defendants' conduct, Plaintiff suffered and continues to suffer harm, including emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, all which adversely affects his daily activities and the full enjoyment of life. Plaintiff has already and will in the future sustain a loss of earnings and earning capacity and has and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 15.**

16.     Accordingly, Plaintiff makes individual claims for the abuse he suffered from Defendants' conduct.

**ANSWER: Holy Cross admits that Titus DePeal has filed a lawsuit in which makes allegations against the Defendants. Holy Cross denies Plaintiff has suffered abuse as a result of Defendants' conduct and, accordingly, denies each and every allegation in this paragraph.**

17.     Plaintiff brings this lawsuit to hold Defendants accountable for the harm they caused him.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 because Plaintiff alleges actions arising under the laws of the United States, including the Civil Rights Act of 1871, and 42 U.S.C. § § 1983, 1985, and 1988, and deprivation of his federal constitutional rights to equal educational opportunities and other related federal rights.

**ANSWER: Paragraph 18 is a statement of law not requiring an answer from Holy Cross.**

19.     At all relevant times, the individual Defendants acted under the color of state law and such actions were performed in the course and scope of their employment.

**ANSWER: After reasonable inquiry, Holy Cross lacks sufficient information to admit or deny that the individual defendants were acting under the color of state law and leaves Plaintiff to his strict proofs.**

20.     This Court has subject matter jurisdiction over individual claims brought by Plaintiff, based on the federal questions raised pursuant to 28 U.S.C. § § 1331 and 1343, and 42 U.S.C. § 1983.

**ANSWER: Paragraph 20 is a statement of law not requiring an answer from Holy Cross.**

21.     The amount in controversy, without interest and costs, exceeds $75,000.

**ANSWER: Holy Cross lacks sufficient knowledge to admit or deny the allegation set forth in Paragraph 21 and leaves Plaintiff to his strict proofs.**

22.     This Court has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367.

**ANSWER: Paragraph 22 is a statement of law not requiring an answer from Holy Cross.**

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the events and/or

omissions giving rise to the claim occurred in this District and Defendants regularly conducted business within this Federal District, including accepting into their care residents from this District and providing care to residents in this district.

**ANSWER: Holy Cross denies there are "events and/or omissions" giving rise to a claim. Holy Cross admits they conduct business within geographic boundaries of the Eastern District of Michigan. Holy Cross does not supply answers in relation to any statements of law.**

## PARTIES

24.     Plaintiff is Titus DePeal, an individual and resident of the United States of America, and the State of Michigan.

**ANSWER: Holy Cross, on information and belief, admits that Titus DePeal presently resides in St. Louis, Gratiot County, Michigan.**

25.     Defendant Holy Cross Children's Services is a registered business with a with a corporate headquarters in Michigan which, at all times relevant to this Complaint, conducted business in Saginaw, Washtenaw, and Wayne Counties, Michigan.

**ANSWER: Holy Cross admits the allegations set forth in Paragraph 25.**

26.     Defendant Holy Cross Services is a registered business with a corporate headquarters office within Michigan which, at all times relevant to this Complaint, conducted business in Saginaw, Washtenaw, and Wayne Counties, Michigan.

**ANSWER: Holy Cross admits the allegations set forth in Paragraph 26.**

27.     Defendant Holy Cross Services, Inc. is a registered business with a corporate headquarters office within Michigan which, at all times relevant to this Complaint, conducted business in Saginaw, Washtenaw, and Wayne Counties, Michigan.

**ANSWER: Holy Cross admits the allegations set forth in Paragraph 27.**

28.     Defendant Saginaw Intermediate School District (SISD) was at all relevant times and continues and continues to be a public educational institution in Saginaw County, Michigan and existing under the laws of the State of Michigan.

**ANSWER: This paragraph pertains to a separate defendant over who Holy Cross has no control and for whom Holy Cross is not responsible, accordingly, Holy Cross cannot admit or deny the allegation set forth in Paragraph 28 and leaves Plaintiff to his strict proofs.**

29.     Defendant Saginaw Intermediate School District Board of Education (SBOE) was at all time relevant times and continues to be the governing body of Saginaw Intermediate School District.

**ANSWER: This paragraph pertains to a separate defendant over who Holy Cross has no control and for whom Holy Cross is not responsible, accordingly, Holy Cross cannot admit or deny the allegation set forth in Paragraph 29 and leaves Plaintiff to his strict proofs.**

30.     Collectively, SISD and SBOE shall be identified as the "SISD Defendants."

**ANSWER: Paragraph 30 does not require an answer from Holy Cross.**

31.     Defendants John/Jane Does 1-10 are current and former owners, managers, administrators, supervisors, teaching staff, medical staff, and others who, at all times relevant to this Complaint, were employed by or were under the control of Holy Cross and/or SISD or SBOE and abused and/or facilitated the abuse of children at Holy Cross.

**ANSWER: As the identities of these ten individuals named in Paragraph 31 are not ascertainable, Holy Cross cannot admit or deny the allegations set forth and leave Plaintiff to their strict proofs. Holy Cross denies all claims that it abused children or facilitated the abuse of children.**

## COMMON FACTS AND ALLEGATIONS

32.     Holy Cross received children from across the State of Michigan.

**ANSWER: To the extent that "received children" refers to the placement of those children into a Holy Cross program, Holy Cross admits the allegation set forth in Paragraph 32.**

33.     Children were referred to Holy Cross based upon Department of Human Services (DHS) referrals, judicial orders, or parent decisions.

**ANSWER: Holy Cross admits that children were referred to their programs from the Michigan Department of Health and Human Services, judicial orders, and parent decisions. Holy Cross denies that those are the only ways in which a child can receive services from Holy Cross.**

34.     SISD provided education services at Holy Cross.

**ANSWER: Holy Cross admits the allegations set forth in Paragraph 34.**

35.     Plaintiff was court-ordered to reside at Holy Cross.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

36.     At all times relevant hereto, Plaintiff was a victim of abuse during his time at Defendant Holy Cross's facility by its staff members.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 36.**

37.     Plaintiff avers that Holy Cross knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that Plaintiff was subjected to the acts of abuse that are the subject of this filing.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 37.**

38.     Plaintiff describes the following incidents involving assault while he was housed at a Holy Cross facility:

    a.  Plaintiff was court ordered to live at Holy Cross when he was a juvenile in approximately 2015-2019, when he was approximately 10-13 years old.

    b.  While residing at Holy Cross, Plaintiff believes at the Saginaw location, staff member

Mr. Arnold sexually assaulted him.

   c.  Plaintiff was forced by this staff member to wear a red dress while forcibly performing oral sex on him.

   d.  Mr. Arnold raped, by inserting his penis into Plaintiff's anus. Plaintiff, who was still clothed in a red dress, after he was forced to perform oral sex.

   e.  After Mr. Arnold ejaculated, he was forced Plaintiff to swallow the biological material.

   f.  Plaintiff then was forced by Mr. Arnold to cut open his leg and drink his own blood until he vomited.

   g.  After Plaintiff vomited from consuming his blood, Mr. Arnold defecated in Plaintiff and called Plaintiff "his property."

   h.  In a separate incident, Mr. Arnold restrained with string, rope, or other like material, and inserted an object believed to be a carrot into Plaintiff's anus.

**ANSWER: Holy Cross denies each and every allegation set forth by Plaintiff in Paragraph 38, including each and every allegation in each subparagraph.**

39.    Specifically, regarding staff member(s), Mr. Arnold it is averred that the physical contact she made with Plaintiff's body was indecent contact for the purpose of arousing the aforementioned individual(s).

**ANSWER: Holy Cross cannot answer Paragraph 39 as it is unclear. The paragraph refers to Mr. Arnold, but states that "she" made physical contact, and it is unclear which "aforementioned individual" was supposedly being aroused. In any event, Holy Cross states that it does not have sufficient information to admit or deny the allegations in this paragraph and, accordingly, denies the same.**

40.    Holy Cross supervisors, employees, administrators, and/or staff members implicated who

directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as employees of Holy Cross and caretakers to Plaintiff.

**ANSWER: Holy Cross denies that harm was caused to or threatened to Plaintiff by any person employed by Holy Cross and denies each and every allegation in this paragraph.**

41.     It is averred that Holy Cross's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third parties about any claims of child abuse against any staff member at any facility operated by Defendants.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 41.**

42.     At all times the institutional Defendants and all their staff members, workers, employees, servants, volunteers, and the like were mandatory reporters pursuant to Michigan law and were required to report any suspected child abuse pursuant to section 3 of M.C.L. 722.623, *et seq.*; and all other applicable child abuse report requirement laws related to mandatory abuse reporters and applicable to Defendants' facilities.

**ANSWER: MCL 722.623(3) states in full "The department shall inform the reporting person of the required contents of the written report at the time the oral report is made by the reporting person." MCL 722.623(1), which provides the list of mandated reporters, includes teachers, school counselors, child care providers, school administrators, social workers (non-exhaustive list.) Holy Cross employs individuals in its organization that would not be considered mandatory reporters, and thus denies the Plaintiff's assertion that "all their staff members…" would be mandated reporters. Volunteers are not considered mandatory reporters under Michigan law. Accordingly, Holy Cross denies each and every remaining allegation in this paragraph.**

43.     Holy Cross served as a custodial facility for the placement of juvenile court adjudicated

youth and other at-risk youth. Opening in approximately 1948 and still operating provided juvenile residential care for the duration of its existence. Upon information and belief, it claimed to assess the unique needs of each student, teach tools for success, and offer meaningful opportunities for personal growth.

**ANSWER: Holy Cross lacks sufficient knowledge to admit or deny the assertion made under "information and belief" and leaves Plaintiff to his strict proofs. Holy Cross's predecessor organization was called Boysville, Inc., which was founded in 1948. Holy Cross itself is not the name of any single facility within the Holy Cross Services organization. Holy Cross admits that throughout its history they have operated juvenile residential facilities without interruption.**

44.     Upon information and belief, children with a wide range of backgrounds, abilities, and diagnoses received treatment from Holy Cross programs. Holy Cross offered clinical, therapeutic, educational, and employment programs for children with special needs and their families.

**ANSWER: Holy Cross admits it offers therapeutic, educational, and employment programs to its residents. Holy Cross lacks sufficient information to admit or deny the allegation as it pertains to the "wide range of backgrounds, abilities, and diagnoses" and leaves Plaintiff to his strict proofs. Holy Cross denies the balance of the allegations.**

45.     Upon information and belief, there were no clear and safe mechanism by which victims could report abuse within Holy Cross; as reported, those who did report were disbelieved, or worse, retaliated against, exacerbating and amplifying the trauma of the actual abuse.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 45.**

46.     Upon information and belief, many of the children who were housed at Holy Cross were vulnerable, intellectually disabled, and/or already fleeing from abuse.

**ANSWER: Holy Cross admits that some of its juvenile residents are intellectually disabled. Holy Cross lacks sufficient information to admit or deny what qualifies as "vulnerable" or "fleeing from abuse" for purposes of this lawsuit and leave Plaintiff to his strict proofs.**

47. The power differential between children with physical, emotional and/or intellectual disabilities and behavioral health staff is distinctively extreme. Youth with disabilities are easily targeted because they are seen as less likely to report abuse, especially when the victim has limited communication abilities or cognitive impairments. Especially in a group home or residential treatment setting, abuse can more easily be hidden, and children have limited access to police, advocates, or social services representatives who can intervene.

**ANSWER: Holy Cross objects to the entirety of Paragraph 47 as it attempts to express expert testimony as opposed to allegations of material fact and accordingly denies each and every allegation in this paragraph.**

48. Upon information and belief, Holy Cross failed to enact appropriate uniform national and system-wide protocols and policies to ensure the safety of its youth. Defendants acted with an extreme disregard for the wellbeing of children in its programs by failing to properly screen, hire, and train employees, failing to report known abuse of Holy Cross facilities, and ignoring and covering up complaints alleged against it regarding abuse.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 48.**

49. Further, Holy Cross failed to enact sufficient measures to ensure the safety of the youth in its care.

**ANSWER: Holy Cross denies the allegation set forth in Paragraph 49.**

50. Moreover, Holy Cross's lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of its students exacerbated and amplified the trauma of the actual abuse due to institutional betrayal.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 50.**

51.     The term "Institutional Betrayal" refers to wrongdoings perpetrated by an institution upon individuals dependent upon that institution, including failure to prevent or respond supportively to wrongdoings by individuals (e.g. – physical, emotional and sexual abuse) committed within the context of the institution.

**ANSWER: Paragraph 51 is not an allegation, but an attempt to define a term of art. Therefore, Holy Cross cannot supply an answer to Paragraph 51 and accordingly, denies each and every allegation in this paragraph**

52.     These failures, acts, and egregious omissions created a highly dangerous risk of physical, emotional, and sexual abuse for any child placed in a Holy Cross program or facility. This pervasive culture of abuse allowed perpetrators access and opportunity to abuse highly vulnerable children and young adults and gave them the impunity to act without the risk of detection or punishment.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 52.**

53.     Upon information and belief, Holy Cross was funded in large part by the State of Michigan and other government entities, jurisdictions and agencies, both inside and outside Michigan, to provide services mandated by law for children who had been ordered to receive its services by a court.

**ANSWER: Holy Cross admits that they receive funding from the State of Michigan. Holy Cross denies they receive funding from entities outside of Michigan. Holy Cross admits that the State of Michigan supplies their organization with funding in exchange for the provision of services to minor persons as mandated by the Courts. Holy Cross lacks sufficient knowledge to admit or deny if they receive funding from "other government**

**entities, jurisdictions, and agencies" as they are not defined in a way that would permit Holy Cross to give a clear answer, and leaves Plaintiff to his strict proofs.**

54.     Defendants had the duty to provide treatment, supervision, and rehabilitation in accordance with federal and state Constitutional standards and laws and prevailing standards for the care and custody of juveniles in need of treatment and supervision. As detailed in this Complaint, Defendants failed to provide these services in accord with Constitutional, statutory, and community standards of care.

**ANSWER: Holy Cross lacks sufficient knowledge to admit or deny which Federal, Michigan State, laws, and prevailing standards they were allegedly held to as the Plaintiff has not specifically cited to them in this Complaint and leaves Plaintiff to their strict proofs. Holy Cross denies that they breached a duty to Plaintiff in any capacity.**

<u>COMMON CAUSES OF ACTION</u>

<u>Federal Law Claims</u>

<u>COUNT 1- Violation of Title IX 20 U.S.C. §1681 *et. seq.*</u>
<u>Deliberate Indifference to Sex Discrimination</u>
As to the HOLY CROSS and SISD Defendants

55.     Plaintiff alleges and incorporates via reference the allegations contained in all of the above paragraphs, as fully though the same were set for herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

56.     Federal law, Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681(a) states: "No person in the United States shall, on the basis of sex,… be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

**ANSWER: Paragraph 56 is a recitation of law not requiring a response from Holy Cross.**

57.     Title IX is implemented through the U.S. Department of Education (DOE) regulations,

which apply to "every recipient [of federal funding] and to all sex discrimination occurring under a recipient's education program or activity in the United States," 34 C.F.R. §106.11, and which covers sexual harassment-including sexual assault, by school employees, students, and third parties.

**ANSWER: Holy Cross denies that 34 C.F.R. §106.11 makes mention of sexual harassment. 34 C.F.R. §106.11, titled "Application" does not contain the terms "sexual assault" or "sexual harassment". The term used in the statute is "sex-based hostile environment." Holy Cross cannot admit or deny the accuracy of Plaintiff's assessment of the Title IX implementation process and leaves Plaintiff to his strict proofs.**

58.    The DOE regulations further require that recipients of federal financial assistance "must adopt, publish, and implement grievance procedures…that provide for the prompt and equitable resolution of complaints made by students, employees, or other individuals who are participating or attempting to participate in the recipient's education program or activity, or by Title IX Coordinator, alleging any action that would be prohibited by Title IX or this part" 34 C.F.R. §106.8(b)(2).

**ANSWER: Paragraph 58 is a statement of law not requiring an answer from Holy Cross.**

59.    Plaintiff is a "person" under Title IX.

**ANSWER: Plaintiff admits that Titus DePeal is a person.**

60.    Defendants' programs and facilities included educational programs. Education was a primary aspect of the services Defendants provided to Holy Cross residents.

**ANSWER: Holy Cross admits they offer education services through the Saginaw Intermediate School District.**

61.    Defendants received federal financial assistance for their education programs and was

therefore subject to the provisions of Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681, *et. seq.* and its implementing regulations at 34 C.F.R. §§ 106.1 *et. seq.*

**ANSWER: Holy Cross lacks sufficient knowledge to admit or deny the legal conclusions asserted in Paragraph 61 and leaves Plaintiff to his strict proofs. Holy Cross does not receive funding directly from the Federal government. Holy Cross receives a large amount of funding from the Michigan Department of Health and Human Services.**

62.     Under Title IX, Defendants were required to promptly investigate and address allegations, reports, and complaints of sexual harassment, assault and abuse of youth in its programs.

**ANSWER: Holy Cross lacks sufficient knowledge to admit or deny the legal conclusion asserted in paragraph 62 and leaves Plaintiff to his strict proofs.**

63.     Plaintiff and other children were subjected to sexual harassment, abuse, and assault by Holy Cross staff members while a resident at Holy Cross.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 63.**

64.     The sexual harassment, abuse, and assault experienced by Plaintiff and other children at Holy Cross constituted sex discrimination under Title IX.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 64.**

65.     Defendants were on notice as to the conduct as described above but nonetheless failed to carry out their duties to investigate and take corrective action under Title IX.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 65.**

66.     Defendants failed to take immediate, effective remedial steps to resolve Plaintiff's and other children's complaints of sex discrimination and instead acted with deliberate indifference to Plaintiff's and other children's claims, including punishing another child for reporting abuse.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 66.**

67.     The sexual harassment, abuse, and assault experienced by Plaintiff at Holy Cross was so severe, pervasive, and objectively offensive that it impeded and effectively denied Plaintiff's equal access to educational opportunities and benefits.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 67.**

68.     Defendants engaged in a pattern of practice of behavior designed to discourage and dissuade children who had experienced sexual assault and discrimination from seeking assistance and protection.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 68.**

69.     Defendants were deliberately indifferent to Plaintiff's sexual abuse by, among other things:

   a.   Failing to promptly and adequately investigate, remedy, and respond to his and other children's complaints about sexual abuse at Holy Cross;

   b.   Punishing children for reporting sex abuse;

   c.   Failing to adequately train and supervise staff members on how to respond to and address sex abuse; and

   d.   Failing to maintain appropriate numbers of staff to ensure that there were no blind spots were sex abuse could go undetected.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 69.**

70.     Defendants are also liable for their failure to remedy the hostile educational environment experienced by Plaintiff by failing to offer appropriate interim measures and accommodations that could have provided him equal access to educational opportunities and benefits and failing to remedy known sexually hostile environments.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 70.**

71.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered

damages, included emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, physical pain and suffering, a loss of income, and a loss of education.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 71.**

72.     In subjecting Plaintiff to the wrongful treatment as described, and through its violation of Title IX, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court against Defendants, in a sum to be shown according to proof.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 72.**

73.     Furthermore, Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. §1988(b).

**ANSWER: Paragraph 73 is not an allegation requiring an answer from Holy Cross.**

### COUNT 2 – Violations of Title IX 20 U.S.C §1681 *et. seq.*
### Policy or Practice/Heightened Risk of Sexual Harassment
### As to the Holy Cross and SISD Defendants

74.     Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety**

75.     The abuse described previously in this Complaint created an abusive and sexually hostile educational environment on Holy Cross's campus that impeded and effectively denied Plaintiff's equal access to educational opportunities and benefits.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 75.**

76.     Defendants are liable for the abusive and hostile educational environment on campus

because they had actual knowledge of its staff in sex discrimination and abuse of children but

allowed them to continue to have unfettered access to children.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 76.**

77.     Upon information and belief, Defendants failed to provide appropriate training and

supervision of its staff to ensure that sexual abuse of children would not occur and that, if it did,

it would be addressed appropriately.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 77.**

78.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered

damages, including emotional distress, great pain of mind and body, shock, embarrassment,

humiliation, loss of self-esteem, physical pain and suffering, a loss of income, and a loss of

education.

**ANSWER: Holy Cross lacks sufficient knowledge to admit or deny the extent and types of**

**damages and suffering Plaintiff allegedly suffered and leaves him to his strict proofs. Holy**

**Cross denies that they are the direct and/or proximate cause of Plaintiff's alleged damages**

**and suffering. Holy Cross denies any allegation related to actions or inactions that Plaintiff**

**alleges led to his damages and suffering.**

79.     In subjecting Plaintiff to this wrongful treatment as described, and through its violations

of Title IX, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in

conscious disregard of Plaintiff's rights, so as to constitute malice and oppression. Plaintiff is

therefore entitled to the recovery of punitive damages, in an amount to be determined by the

court, against Defendants, in a sum to be shown according to proof.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 79.**

80.     Furthermore, Plaintiff requests the award of attorney's fees pursuant to 42 U.S.C.

§1988(b).

**ANSWER: Paragraph 80 is not an allegation requiring an answer from Holy Cross.**

## COUNT 3 – Violations of Title 42 (42 U.S.C. §1983 *et. seq.*)
### Civil Rights Deprivation and Excessive Use of Force
### As to All Defendants

81.     Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

82.     Pursuant to the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, at all times relevant, Plaintiff has the right to be free from cruel, unusual and excessive force while under the custody and control of Defendants.

**ANSWER: Paragraph 82 is a recitation of law not requiring a response from Holy Cross.**

83.     At all times Plaintiff was unarmed, and did not pose a threat of safety to Defendants or others.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

84.     Under all circumstances known to Defendants, the physical force used against Plaintiff was objectively and clearly excessive.

**ANSWER: Holy Cross lacks sufficient knowledge to admit or deny what constitutes "objectively and clearly excessive" physical force and leaves Plaintiff to his strict proofs. Holy Cross further lacks knowledge to admit or deny what "circumstances" that Plaintiff is referring to and leaves him to his strict proofs. Accordingly, Holy Cross denies each and every allegation in this paragraph.**

85.     The Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protect Plaintiff from physical and sexual abuse and unreasonable uses of force by Defendants.

**ANSWER: Paragraph 85 is a generalization of law not requiring an answer from Holy Cross.**

86.     These Amendments also require Defendants to establish policies and practices to protect Plaintiff and other children from known harms and known patterns of constitutional deprivations.

**ANSWER: Holy Cross objects to Paragraph 86 as it is a legal conclusion rather than a statement of material fact or recitation of law. Holy Cross lacks sufficient information to admit or deny the legal conclusion made by Plaintiff and leaves him to his strict proofs.**

87.     Defendants violated Plaintiffs' clearly established right to be free from unreasonable and excessive force as guaranteed by the Fourth, Eighth, and Fourteenth Amendments

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 87.**

88.     Holy Cross acted as an arm of the State of Michigan, where it operated, providing a core public function, and was a state governmental actor for 42 U.S.C. § 1983 liability purposes.

**ANSWER: Holy Cross admits they operated in the State of Michigan. Holy Cross denies they operate as an arm of the State of Michigan or was/are a state governmental actor. Holy Cross lacks sufficient information to admit or deny that their services are "core public functions" and leaves Plaintiff DePeal to his strict proofs.**

89.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered damages, including emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, physical pain and suffering, a loss of income, and a loss of education.

**ANSWER: Holy Cross denies that Plaintiff DePeal suffered damages of any type as a result of any alleged action or inaction on the part of Holy Cross.**

90.     In subjecting Plaintiff to this wrongful treatment as described, and through its violations of Plaintiff's Constitutional rights, Defendants acted willfully and maliciously with the intent to

22

harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression. Plaintiff is determined by the court, against Defendants, in a sum to be shown according to proof.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

91.     Furthermore, Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**ANSWER: Paragraph 91 is not an allegation requiring an answer from Holy Cross.**

### COUNT 4 – Violations of Title 42 (42 U.S.C. § 1983 *et seq.*)
### *Monell* Liability
### As to All Defendants

92.     Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

93.     At all times relevant hereto, Defendants failed to train, discipline and supervise Holy Cross employees responsible for Plaintiff's custody and care, and/or encouraged Holy Cross employees to violate federal and state laws without regard to the constitutional rights of citizens to be free from States Constitution.

**ANSWER: Holy Cross denies the allegation they failed to train, discipline, and supervise their employees. Holy Cross denies they encouraged their employees to violate Federal and/or State laws in any form.**

94.     At all times relevant hereto, Defendants refused to provide Holy Cross employees any training, discipline and supervision with regard to the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; refused to provide Holy Cross employees with supervision and discipline to protect the constitutional rights of citizens; and refused to require Holy Cross employees to follow

policies and procedures and state and federal law relating to Plaintiff's right to be provided with medical care for serious medical needs.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 94.**

95.     At all times relevant hereto, Defendants knew, or should have known, that the policies, procedures, training supervision and discipline of Holy Cross employees were inadequate for the tasks that each Defendant was required to perform.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 95.**

96.     At all times relevant hereto, there was a complete failure to train, supervise and discipline Holy Cross employees. The training, supervision and lack of discipline were so reckless that future violations of the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 96.**

97.     At all times relevant hereto, Defendants were on notice and knew that the failure of training, discipline and/or supervision of Holy Cross employees with regard to the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were inadequate and would lead to the violation of Plaintiff's constitutional rights.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 97.**

98.     At all times relevant hereto, Defendants' response to this knowledge was so inadequate as to show a complete disregard for whether Holy Cross employees would violate the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 98.**

99.     Defendants implicitly authorized, approved, or knowingly acquiesced in the excessive force and cruel and unusual punishment of citizens, and knew, or should have known, that such treatment would deprive Holy Cross residents of their constitutional rights.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 99.**

100.    At all times relevant hereto, there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Constitution, as described in the preceding paragraphs.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 100.**

101.    At all times relevant hereto, Defendants knew, or should have known, that there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 101.**

102.    Defendants tolerated the police officers' repeated violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, which allowed Holy Cross employees to continue to engage in this unlawful behavior.

**ANSWER: Holy Cross lacks sufficient information to admit or deny allegations involving police officer conduct, nor do they understand they inference that Holy Cross would be responsible for the alleged tortious behavior of police officers. There are no Police Officers or Police Departments named as Defendants in this matter. Holy Cross leaves Plaintiff to his strict proofs.**

103.    Defendants refused to discipline officers who violated citizens' constitutional rights to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; failed to fully investigate allegations of misconduct, looked the other way, and thus,

tacitly encouraged such behavior. In doing so, Defendants condoned, ratified or encouraged Holy Cross employees to violate the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as a matter of policy.

**ANSWER: Holy Cross lacks sufficient information to admit or deny Paragraph 103 as they are unsure if "officers" refers to police officers or to those persons who hold Holy Cross board seats and requests that Plaintiff clarifies the meaning of "officer." Holy Cross denies they failed to investigate allegations of misconduct, "looked the other way", or otherwise encouraged Holy Cross employees to violate any law as a matter of policy. Holy Cross lacks sufficient information to admit or deny what constitutes "fully investigate" and leaves Plaintiff to his strict proofs.**

104.    That the conduct of the aforementioned Defendants, individually, corporately and as agents of said individual Defendants, deprived Plaintiff of his clearly established rights, privileges, and immunities guaranteed him under the United States Constitution, specifically those set forth under the Fourth, Eighth and Fourteenth Amendments to same, as evidenced by the following particulars:

    a. Permitting Plaintiff and other Holy Cross residents to be subject to excessive force and cruel and unusual punishment, in violation of the Fourth, Eighth and Fourteenth Amendments;

    b.  Failing to properly train and supervise the individuals within Holy Cross having custodial and/or care giving responsibilities over Plaintiff to ensure the above breaches/deviations were not committed;

    c. Tolerating the conduct of individuals within Holy Cross having custodial and/or care when it was apparent that there was a pattern of treatment of Plaintiff and other persons in a manner consistent with excessive force and in violation of his Fourth, Eighth and

Fourteenth Amendment protection against excessive force and cruel and unusual punishment; and

d. Failing to discipline the individuals within Holy Cross having custodial and/or care when it was apparent that they were using excessive force and cruel and unusual punishment.

**ANSWER: Holy Cross denies sub-allegation b. Holy Cross lacks sufficient knowledge to admit or deny what constitutes "excessive force", "cruel and unusual punishment", thus not allowing Holy Cross the ability to answer sub-allegations a, c, and d, and leaves Plaintiff to his strict proofs.**

105. As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered damages, including emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, physical pain and suffering, a loss of income, and a loss of education.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 105.**

106. In subjecting Plaintiff to this wrongful treatment as described, and through its violations of Plaintiff's Constitutional rights, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against Defendants, in a sum to be shown according to proof.

**ANSWER: Holy Cross denies all allegations of wrongful treatment as described in prior Paragraphs. Holy Cross denies they acted willfully and maliciously toward the Plaintiff in any fashion. Holy Cross denies they disregarded the purported rights of the Plaintiff. Holy Cross denies Plaintiff is entitled to any financial recovery.**

107. Furthermore, Plaintiff requests the award of attorneys' fees pursuant to 42 U.S.C. § 1988(b).

**ANSWER: Paragraph 107 is not an allegation requiring an answer from Holy Cross.**

### Michigan State Law Claims

### <u>COUNT 5 – Negligence and Recklessness</u>
#### As to All Defendants

108.     Plaintiff alleges and incorporates via reference the allegations contained in all the above

paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the**

**aforementioned paragraphs as if set forth herein in their entirety.**

109.     Defendants had a duty to act reasonably and to maintain a safe environment for Plaintiff

while within the Defendants' care.

**ANSWER: Holy Cross neither admits nor denies the allegations in this paragraph because**

**they state conclusions of law to which no response is required.**

110.     Defendants are not afforded immunity via M.C.L. 691.1635 or 691.1407 because the

conduct which caused Plaintiff's injuries amounts to gross negligence and/or willful misconduct

and/or was prohibited by law and a violation of the prohibition is punishable by imprisonment.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

111.     Defendants acted with a lack of care towards Plaintiff through their acts and omissions,

including: allowing and authorizing a culture of abuse at Holy Cross facilities; failing to train

and educate staff regarding the identification and reporting of abuse; failing to properly supervise

youth attending Holy Cross programs; failing to adequately train staff regarding best practices

when working with youth with intellectual and developmental adequately supervise staff

members to proactively identify and curtail signs of abuse; failing to maintain Holy Cross

facilities so as to eliminate "blind spots" where abuse could easily occur without detection;

failing to instruct supervisors regarding circumstances indicating a high risk of abuse; failing to

monitor Plaintiff's wellbeing while in Holy Cross programming so as to detect incidents of

abuse; failing to take adequate and appropriate measures after learning about incidents of physical, sexual and/or emotional abuse at Holy Cross; and failing to prevent serious and lasting psychological, physical, and emotional harm to youth in Holy Cross programs.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

112.    Moreover, Defendant's lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of children exacerbated and amplified the trauma of the actual abuse due to institutional betrayal.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

113.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered damages, including emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, physical pain and suffering, a loss of income, and a loss of education.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 113.**

<u>**COUNT 6 – Negligent Retention**</u>
**As to All Defendants**

114.    Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

115.    Defendants became aware or reasonably should have become aware that their employees were engaged in acts of physical, sexual, and/or emotional abuse of Holy Cross patients and residents, and yet failed to investigate, discharge, or reassign these employees.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 115.**

116.    Defendants reasonably should have known that their staff physically and sexually abused Plaintiff while in their care. With reasonable supervision, protocols, and checkpoints in place,

Defendants should have been aware of these egregious acts. Nonetheless, Defendants allowed

the abuse to occur and retained the employees responsible for these heinous acts without taking

corrective action.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

117.    Defendants reasonably should have known that Holy Cross staff verbally and physically

abused Plaintiff. Multiple staff observed Plaintiff's abuse, putting Holy Cross on actual notice of

its employees' bad acts.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

118.    Defendants also knew, through the direct observation of its staff, that Holy Cross staffers

physically abused Plaintiff, routinely watched and groomed Plaintiff and other children for

sexual abuse and threatened them with physical harm when they tried to report such.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 118.**

119.    With reasonable supervision and protocols in place, Defendants would have responded

appropriately to each of these incidents and ensured children were safe from future abuse.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

120.    Defendants reasonably should have known that **Mr. Arnold**, sexually abused Plaintiff on

Holy Cross property. Had Defendants adequately and appropriately supervised and exercised

control over its staff, they would have been aware of the abuse that occurred to Plaintiff.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

121.    Defendants knew or reasonably should have known of Plaintiff's and other children's

abuse yet negligently retained the employees responsible for the abuse. Because of Defendants'

breach of their duty to take action to prevent reasonably foreseeable harm by their employees

under these circumstances, Plaintiff was grievously harmed.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

122.     Moreover, Defendants' lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of children exacerbated and amplified the trauma of the actual abuse due to institutional betrayal.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

123.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered damages, including emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, physical pain and suffering, a loss of income, and a loss of education

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

<u>**COUNT 7 – Negligent Supervision**</u>
**As to All Defendants**

124.     Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

125.     Defendants knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise representatives, and/or ostensible agents in their relationships with children.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

126**.**     Defendants knew or should have known of the particular risk posed by the staff members named within the Complaint and others based on, among other things, their inappropriate and/or questionable conduct; their history of sexually, physically, and/or emotionally abusing children; and/or their behavior indicative of an intent to isolate, groom, and/or facilitate sexually

contacting and/or abusing a minor child, including the abuse by the staff members named within the Complaint and others.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

127. The negligence, carelessness, and/or recklessness of Defendants, for the conduct of their actual or apparent administrators staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents, in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of the staff members named within the Complaint and/or other staff members consists of one or more of the following:

   a. Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or teachers and/or counselors in the employ of Defendants;

   b. Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of the staff members named within the Complaint and/or other staff members and the relationship of the staff members named within the Complaint and others and/or other staff members with Plaintiff; and

   c. Failing to investigate and supervise the staff members named within the Complaint and/or other staff members and their relationship and/or interactions with Plaintiff.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

128. Moreover, Defendants' lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of children exacerbated and amplified the trauma of the actual abuse due to institutional betrayal.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

129.   As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered damages, including emotional distress, great pain of mind and body, shock, embarrassment, humiliation, loss of self-esteem, physical pain and suffering, a loss of income, and a loss of education.

**ANSWER: Holy Cross denies each and every allegation in this paragraph..**

### COUNT 8 – Gross Negligence
**As to All Defendants**

130.   Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

131.   Defendants owed Plaintiff a duty to provide a safe environment with adequate protection, supervision, and care while in their custody.

**ANSWER: Holy Cross neither admits nor denies the allegations in this paragraph because they are conclusions of law to which no response is required.**

132.   Defendants acted with a lack of care towards Plaintiff by demonstrating a conscious disregard or indifference towards his safety and wellbeing and significantly departing from how a reasonably careful person would act under the circumstances.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

133.   At all relevant times, Defendants owed a duty to Plaintiff to implement practices and policies to:

  a.  Prevent sexual, emotional, and physical abuse of youth by Holy Cross staff;

  b.  Prohibit and prevent romantic or sexual relationships between youth and Holy Cross staff;

  c.  Prohibit grooming and other sexually exploitative behavior by Holy Cross staff;

    d.   Require the prompt reporting of any allegations or suspicions of sexual, physical or emotional abuse of youth in Holy Cross programs by staff or by peers;

    e.   Require the independent investigation of all reports of sexual, physical, or emotional abuse of youth in Holy Cross programs;

    f.   Mandate the training of all staff who work directly with youth in Holy Cross programs regarding sexual abuse, sexual relationships with residents, grooming, sexual reactivity, the prohibition thereof, and reporting obligations;

    g.   Protect Plaintiff and from such abuse and foreseeable risks; and

    h.   Provide a safe environment for children with disabilities and mental health needs free from sexual abuse, harassment, and physical harm.

**ANSWER: Holy Cross neither admits nor denies the allegations in this paragraph because they are conclusions of law to which no response is required.**

134.    Defendants' duty arose from taking responsibility for the care and custody of youth attending their programs.

**ANSWER: Holy Cross neither admits nor denies the allegations in this paragraph because they are conclusions of law to which no response is required.**

135.    Defendants acted recklessly and indifferently as the entity responsible for the care and custody of children with disabilities and advanced mental health needs who sought out Holy Cross for treatment, growth, and education, including Plaintiff.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

136.    Defendants knew or should have known that by failing to take appropriate measures with respect to the lack of appropriate training, supervision, and oversight of its facilities and employees who worked closely with children and young adults suffering with advanced mental health needs, criminal records, unstable family relationships, substance abuse concerns, and/or

intellectual and developmental disabilities, they created an unreasonable risk of harm to Plaintiff so great that it was highly probably that harm would result.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

137.    Youth like Plaintiff in residential programs like Holy Cross are easily targeted because they are more likely to be perceived as weak or vulnerable and are seen as less likely to report abuse. In a group home or residential treatment setting, abuse can more easily be hidden, where children have limited access to parents, guardians, police, advocates, or social services representatives who can intervene.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

138.    Defendants should have been aware of the delicate nature of working with these youth and the likelihood of abuse and harm resulting from the failure to closely monitor, train, and supervise their staff. Defendants thus owed its resident youth a duty to protect them from the foreseeable risk of staff who take advantage of children's vulnerability and staff's power differential for improper purposes.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

139.    By recklessly failing to keep these children safe while in its care and custody, Defendants exhibited a willful disregard for necessary precautions to reasonably protect Plaintiff.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 139.**

140.    Moreover, Defendants' lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of children exacerbated and amplified the trauma of the actual abuse due to institutional betrayal.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

141.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered and/or continue to suffer from physical pain and suffering, mental and emotional

distress and suffering, physical manifestations of this distress, loss of self-esteem, anxiety, fright, grief, humiliation, loss of enjoyment of life, a loss of income, and a loss of education. Plaintiff was prevented and will continue to be prevented from performing his activities of daily living due to the gross negligence of Defendants.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 141.**

**COUNT 9 – Vicarious Liability**
**As to the HOLY CROSS Defendants**

142.    Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

143.    When Plaintiff was sexually, physically, and emotionally abused by Holy Cross staff members, these staff members were acting within their scope of employment in supervising and providing treatment to Holy Cross patients.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

144.    Holy Cross is vicariously liable under the doctrine of *respondeat superior* for the tortious conduct committed by their staff members against children at Holy Cross.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

145.    Holy Cross ratified its staff members' abusive conduct towards Plaintiff by failing to discipline, take corrective action, and/or report the child abuse.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 145.**

146.    These tortious acts were also foreseeable, as Holy Cross was aware of repeated incidents of sexual, physical, and emotional abuse of Holy Cross patients within their facilities. Holy Cross knew that its patients, including Plaintiff, were particularly susceptible to abuse as youth with disabilities and critical mental health needs. Holy Cross knew, or reasonably should have

known, that by failing to implement appropriate procedures, policies, and vulnerable children in their treatment programs, including Plaintiff.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

147.     As a direct and proximate result of Holy Cross's actions and inactions, Plaintiff has suffered and/or continue to suffer from physical pain and suffering, mental and emotional distress and suffering, physical manifestations of this distress, loss of self-esteem, anxiety, fright, grief, humiliation, loss of enjoyment of life, a loss of income, and a loss of education. Plaintiff was prevented and will continue to be prevented from performing his activities of daily living due to the gross negligence of Holy Cross.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

**COUNT 10 – Negligent Infliction of Emotional Distress**

**As to the HOLY CROSS Defendants**

148.     Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

149.     Pursuant to Michigan law, Holy Cross's negligent acts and omissions constitute the negligent infliction of emotional distress, as: 1) Holy Cross owed a duty of care to Plaintiff; 2) Holy Cross breached the duty of care by failing to use due care in protecting Plaintiff from abuse, as described above; 3) Holy Cross's negligence caused Plaintiff physical impact or injury, as he was physically and sexually abused by Holy Cross staff; and 4) Plaintiff suffered emotional distress as a result of Holy Cross's negligent conduct.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 149.**

150.    Moreover, Holy Cross's lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of its residents exacerbated and amplified the trauma of the actual abuse due to institutional betrayal.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

151.    As a direct and proximate result of Holy Cross's actions and inactions, Plaintiff has suffered and/or continue to suffer from physical pain and suffering, mental and emotional distress and suffering, physical manifestations of this distress, loss of self-esteem, anxiety, fright, grief, humiliation, loss of enjoyment of life, a loss of income, and a loss of education. Plaintiff was prevented and will continue to be prevented from performing his activities of daily living due to the gross negligence of Holy Cross.

**ANSWER: Holy Cross denies each and every allegation set forth in Paragraph 151.**

152.    WHEREFORE, Plaintiff, demands judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER: Paragraph 152 is not an allegation of fact or a recitation of law requiring an answer.**

**COUNT 11 – Intentional Infliction of Emotional Distress**
**As to the HOLY CROSS Defendants**

153.    Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

154.    Holy Cross's conduct was extreme and outrageous.

**ANSWER: Holy Cross denies the allegation set forth in Paragraph 154.**

155.     Holy Cross actions and inactions were outrageous and extreme, shocking, atrocious, and intolerable. Their conduct goes beyond the possible bounds of decency, and Holy Cross acted with the reckless disregard of the probability that Plaintiff would suffer emotional distress as a result.

**ANSWER: Holy Cross denies the allegation set forth in Paragraph 155.**

156.     Holy Cross conduct was a substantial factor in causing severe emotional and psychological distress to Plaintiff. This distress was of such an intensity that no reasonable person should be expected to endure it.

**ANSWER: Holy Cross denies the allegation set forth in Paragraph 156.**

157.     Moreover, Holy Cross lack of and/or failure to enforce adequate policies and procedures for the prevention of, and proper response to, abuse of its institutional betrayal.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

158.     By permitting a culture of systematic physical, emotional, and sexual abuse at Holy Cross facilities, Holy Cross caused Plaintiff to suffer, among other things, appalling and deplorable acts of physical, sexual, and/or emotional abuse, and the resulting pain, suffering, humiliation, grief, shame, disgust, anxiety, nervousness, shock, distrust, and loss of enjoyment of life. Plaintiff will continue to suffer from these enduring harms and has incurred/will continue to incur lost earnings, lost earning capacity, and expenses for psychological treatments and counseling.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

159.     WHEREFORE, Plaintiff, demands judgment against Defendants, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER: Paragraph 159 is not an allegation of fact or recitation of law requiring an answer.**

### COUNT 12 – Breach of Fiduciary Duty
**As to the HOLY CROSS Defendants**

160.    Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

161.    Holy Cross owed a fiduciary duty to act in the best interests of the youth they serve. When a child was placed in Holy Cross, Holy Cross assumed the fiduciary duty to ensure that the child received appropriate care and was safe from foreseeable harms.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

162.    By allowing and authorizing a culture of physical, emotional, and sexual abuse in its programs and facilities, repeatedly failing to report child abuse in its facility, allowing youth to be systematically abused while in Holy Cross programs, inadequately training and supervising employees, failing to maintain safe premises for youth which eliminated "blind spots," and failing to monitor Plaintiff's wellbeing so as to detect signs of abuse, among other failures, acts, and omissions as previously described, Holy Cross breached its fiduciary duty towards Plaintiff.

**ANSWER: Holy Cross denies each and every allegation in this paragraph.**

163.    As a direct and proximate result of Holy Cross's actions and inactions, Plaintiff has suffered and/or continue to suffer from physical pain and suffering, mental and emotional distress and suffering, physical manifestations of this distress, loss of self-esteem, anxiety, fright, grief, humiliation, loss of enjoyment of life, a loss of income, and a loss of education. Plaintiff was prevented and will continue to be prevented from performing his activities of daily living due to the gross negligence of Holy Cross.

**ANSWER: Holy Cross denies Plaintiff is suffering from any of the alleged economic, emotional and physical ailments he alleges he incurred as a result of actions or inactions on the part of Holy Cross. Holy Cross denies all allegations of gross negligence.**

### COUNT 13 – Violation of the Elliott Larsen Civil Rights Act
### M.C.L. 37.2201 *et seq*. – Sex Discrimination
### As to All Defendants

164.    Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the aforementioned paragraphs as if set forth herein in their entirety.**

165.    Defendants Holy Cross and SISD are educational institutions by and within the meaning of ELCRA, M.C.L. 37.2401.

**ANSWER: Holy Cross, on its own behalf, denies they are an educational institution within the meaning of MCL 37.2401 nor the Elliott-Larsen Civil Right Act.**

166.    ELCRA prohibits discrimination in educational institutions based on sex, specifically providing that no school shall "[d]iscriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of . . . sex." MCL 37.2402(a).

**ANSWER: Paragraph 166 is a recitation of law not requiring a response from Holy Cross.**

167.    Defendants violated the ELCRA by failing to timely investigate and respond to reports of sexual abuse, providing any interim measures to ensure the safety of the victim, and failing to commence any sort of investigation staff with respect to the handling of sex discrimination complaints.

**ANSWER: Holy Cross denies there were reports of sexual abuse regarding Plaintiff, and thus there was no cause to investigate.**

168.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff has

suffered and/or continue to suffer from physical pain and suffering, mental and emotional

distress and suffering, physical manifestations of this distress, loss of self-esteem, anxiety, fright,

grief, humiliation, loss of enjoyment of life, a loss of income, and a loss of education. Plaintiff

was prevented and will continue to be prevented from performing his activities of daily living

due to the gross negligence of Holy Cross.

**ANSWER: Holy Cross denies Plaintiff has suffered or is suffering from the economic,**

**physical, mental, and emotional injuries alleged within this paragraph. Holy Cross denies**

**the allegation they acted with gross negligence toward Plaintiff.**

## PRAYER FOR RELIEF

169.     Plaintiff alleges and incorporates via reference the allegations contained in all the above

paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Holy Cross repeats and realleges each and every response to the**

**aforementioned paragraphs as if set forth herein in their entirety.**

170.     Plaintiff respectfully requests the Court to enter judgment on his behalf as follows:

     a.   Declaring that Defendants violated their mandatory reporting obligations;

     b.   Ordering Defendants to make a complete disclosure of all records and information

        in their possession, custody, or control during the time period from five years

        before Plaintiff's residency to the present pertaining to the abuse of students at

        Holy Cross. Plaintiff requests that the Court appoint a special master and/or take

        other appropriate measures to ensure sensitive information about the victims of

        Defendants' abuse remains confidential (unless authorized by a victim/survivor)

        and, additionally, provide a mechanism for the victims of abuse to review records

        pertaining to them to verify that they exist, are accurate, and complete, and are

available to be reviewed by Michigan and/or other government officials and law

enforcement agents;

c.   Ordering appropriate injunctive, declaratory, and other equitable relief;

d.   Issuing a writ of mandamus commanding Defendants to report, as required by law

for, all child abuse presently known or suspected by

e.   within 10 days of such order;

f.   Entering a judgment in favor of Plaintiff and against Defendants in an amount in

excess of $75,000.00;

g.   Awarding Plaintiff compensatory, restitutionary, general, consequential, punitive,

and exemplary damages in an amount to be determined at trial;

h.   Awarding pre-judgment and post-judgment interest as permitted by law;

i.   Awarding reasonable attorneys' fees and costs, including expert fees as provided

for by law; and

j.   Granting such other and further relief as the Court deems just and proper.

**ANSWER: Paragraph 170 does not require an answer from Holy Cross**

## JURY TRIAL DEMAND

171.   Plaintiff alleges and incorporates via reference the allegations contained in all the above

paragraphs, as fully as though the same were set forth herein at length.

**ANSWER: Paragraph 171 does not require an answer.**

172.   Plaintiff demands a jury trial on all claims triable as a matter of right.

**ANSWER:    Paragraph 172 does not require an answer.**

WHEREFORE, Defendants Holy Cross Children's Services, Holy Cross Services, and

Holy Cross Services, Inc., respectfully requests this Honorable Court to dismiss Plaintiff's

claims and its Complaint in its entirety and to award Defendants reasonable attorney's fees and

related costs.

Dated: July 2, 2025                         Respectfully submitted,

                                            */s/ Kevin Mackin*
                                            Evan A. Burkholder (P67986)
                                            Kevin Mackin (P83421)
                                            O'Hagan Meyer, PLLC
                                            21800 Haggerty Road, Suite 113
                                            Northville, Michigan 48167
                                            p. 248-896-1806
                                            eburkholder@ohaganmeyer.com
                                            kmackin@ohaganmeyer.com
                                            *Counsel for Holy Cross Defendants*

## AFFIRMATIVE DEFENSES

NOW COMES Defendants Holy Cross Children's Services, Holy Cross Services, and Holy Cross Services, Inc., through their attorneys, O'Hagan Meyer, PLLC, submits its Affirmative Defenses to Plaintiff's Complaint as follows:

1. The Complaint fails to state a claim for which relief may be granted.

2. The Complainant lacks standing to file this claim against Defendant.

3. The Complaint is subject to dismissal on the grounds that Plaintiff has failed to join all necessary parties.

4. Some of or all of the complaints set forth in this complaint are time barred by their respective statutes of limitations.

5. The Complaint is subject to dismissal and/or transfer on the grounds that it was filed in an improper venue.

6. Plaintiff's claims are barred by his own fraudulent claims and conduct.

7. Holy Cross is not an educational facility under MCL 37.2401 and Elliott-Larsen.

8. The Plaintiff engaged in physically, emotionally, sexually assaultive conduct against fellow Holy Cross residents, which led to fights with Holy Cross residents that caused his injuries.

9.   Holy Cross does not function as an arm of the State of Michigan.

10. The Plaintiff engaged in physically assaultive behavior toward Holy Cross staff on many occasions, causing injuries to Holy Cross staff members leading to additional discipline to Plaintiff.

11. Plaintiff caused his own lack of economic opportunity by amassing a criminal record rife with felony offenses that caused him to be incarcerated within the Michigan Department of Corrections.

12. Holy Cross did not employ a person with the surname "Arnold" during the time of Plaintiff's time at Holy Cross.

13. Plaintiff did not sustain his alleged injuries while in the care of Holy Cross.

Defendants reserve the right to alter, append, remove, or add to this list of affirmative defenses following a reasonable period for discovery and investigation.

Dated: July 2, 2025                                  Respectfully submitted,

*/s/ Kevin Mackin*
Evan A. Burkholder (P67986)
Kevin Mackin (P83421)
O'Hagan Meyer, PLLC
21800 Haggerty Road, Suite 113
Northville, Michigan 48167
p. 248-896-1806
eburkholder@ohaganmeyer.com
kmackin@ohaganmeyer.com
*Counsel for Holy Cross Defendants*

**<u>RELIANCE ON JURY DEMAND</u>**

Defendant, Holy Cross Children's Services, Holy Cross Services, and Holy Cross Services, Inc., through their attorneys, O'Hagan Meyer, PLLC, hereby rely on the Plaintiff's demand a jury trial in the foregoing action.

Dated: July 2, 2025                                  Respectfully submitted,

*/s/ Kevin Mackin*

Evan A. Burkholder (P67986)
Kevin Mackin (P83421)
O'Hagan Meyer, PLLC
21800 Haggerty Road, Suite 113
Northville, Michigan 48167
p. 248-896-1806
eburkholder@ohaganmeyer.com
kmackin@ohaganmeyer.com
*Counsel for Holy Cross Defendants*

**<u>PROOF OF SERVICE</u>**

I hereby certify that on July 2, 2025, a copy of the foregoing pleading, through the Court's

electronic filing system, was electronically served on all counsel of record.

*/s/ Kevin Mackin*